### EXCLUSION OF FOUNDATION IN SETTLING FIRE LOSS.

Circuit Court of Hamilton County.

GERMAN-AMERICAN INSURANCE COMPANY v. JOHN McBEE ET AL.

Decided, July 17, 1909.

*Insurance—Construction of Section 3691—Providing that Cellar and Foundation Shall Not be Considered as Part of Structure in Settling Loss—Charge of Court with Reference to Total Loss—Appraisement—Section 3643.*

1. Notwithstanding the insurable interest which the owner of a building has in the foundation upon which it rests, he can not recover for the foundation where the policy includes it as a part of the building.
2. Where it is undisputed that the loss was total, a failure on the part of the court to qualify the definition of "total loss" in the charge to the jury does not constitute error; and where the building exclusive of the foundation is a total loss, a disagreement as to the amount of the loss is unimportant and the necessity for an appraisement does not exist.
3. A charge that the jury need not consider whether or not the property was vacant at the time the policy was applied for and issued is not erroneous under the provisions of Section 3643, particularly when the evidence is undisputed that the agent of the company had knowledge of such vacancy.

*Robert L. Black* and *J. W. Mooney*, for plaintiff in error.
*J. T. Harison*, contra.

GIFFEN, P. J.; SWING, J., and SMITH, J., concur.

It may be conceded that the owner of a building has an insurable interest in the foundation upon which it rests; but if as in this case the description in the policy of insurance includes it as a part of the building, it can not be so considered in settling losses.  The purpose of Section 3691, Revised Statutes, was to prevent the confusion and uncertainty arising by treating the foundation as a part of the building and to give full effect to

Section 3643, Revised Statutes, in case of total loss of the building.

The illustration suggested by counsel for plaintiff in error of a policy of insurance upon dwelling-house and furniture therein contained is not in point, as the furniture is not included as a part of the building, nor is there any statutory regulation of such a case except Section 3643, Revised Statutes, which would still require the insurer's agent to fix the insurable value of the building at the time the policy is applied for.

The construction of this section contended for would permit the insurer to defeat its operation in all cases by simply using the form of policy here sued on.

It is practically undisputed that the loss of the buildings was total, and the error of the court in not qualifying the definition of "total loss" as requested by counsel at the conclusion of the general charge was not prejudicial. So, likewise, if the foundation be considered not a part of the buildings, the exclusion and admission of certain evidence set forth in the brief were without prejudice. It follows also that there was no error in refusing to submit to the jury interrogatories Nos. 1, 3 and 4.

The charge of the court that the jury need not consider whether the property was vacant at the time the policy was applied for and issued was proper under Section 3643, Revised Statutes, as well as the undisputed evidence that the agent of the company had actual knowledge of such vacancy. The demurrer to the amendment to the second defense alleging a proportionate liability for the cash value of the dwelling-house at the time of the fire was properly sustained, although a motion to strike out would have been more appropriate. *Insurance Co.* v. *Leslie,* 47 O. S., 400.

The special instructions refused by the court were requested upon the theory that the foundation was specially insured, and thereby a disagreement as to the amount of loss, and necessity for an appraisement arose; but if the buildings, exclusive of foundation, were a total loss, the disagreement was unimportant and a necessity for appraisement did not exist. *Ohage* v. *Union Insurance Co.,* 85 N. W., 212.

We find no prejudicial error and the judgment will be affirmed.