JUSTUS OHAGE v. UNION INSURANCE· COMPANY OF
PHILADELPHIA.[1]

February 11, 1901.

Nos. 12,282—(143).

### Fire Insurance—Insurable Value—Arbitration.

When a building is destroyed by fire, if the total insurance thereon, exclusive of foundation, is less than its insurable value as designated by the insurer in its policy under Laws 1895, c. 175, § 25, it is not necessary for the insured to submit to arbitration, even though such foundation is included in the description of the property.

### Loss Greater than Insurance—Foundation.

' When the description of the property insured includes the foundation, but no particular or specific sum is apportioned to such foundation, and the loss, besides the foundation, is greater than the amount of insurance fixed by the policy, the demand for arbitration is not a prerequisite to recovery on the policy.

### Evidence—Verdict Directed.

Evidence considered, and *held* that, upon the course pursued at the trial, it was practically conceded that the loss by fire, exclusive of the foundation included in the policy in this case, was greater than the amount for which the property was insured, and the order of the trial court directing a verdict was right.

Action in the district court for Ramsey county to recover $2,000 and interest on a fire insurance policy. The case was tried before Otis, J., who directed a verdict in favor of plaintiff for $2,020. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Brown, Reed, Merrill & Buffington,* for appellant.

*Otto Kueffner,* for respondent.

LOVELY, J.

Defendant issued to plaintiff its policy for $2,000 on his building situate in St. Paul, insuring the same for a period of one year. The policy is the form prescribed by Laws 1895, c. 175. The insurable value of the building, as stated in the policy, was $6,500.

[1] Reported in 85 N. W. 212.

Concurrent insurance was permitted to that amount. By the uncontradicted evidence it appears that insurance was carried on the property in another company to the amount of $3,500, making the aggregate insurance thereon $5,500, or $1,000 less than the insurable amount agreed to by the terms of defendant's policy. The description of the property insured in the policy was the "two-story frame, brick-veneered building, and additions attached, including foundation and all permanent fixtures, situate," etc. The building and additions were totally destroyed by fire. Due notice was given of the destruction of the building, but defendant disputed the amount of the loss, and proposed a submission of that question to arbitrators under the forms provided by law. Laws 1895 (p. 421) c. 175, § 53. The case was tried to the court and a jury.

The real contest was as to the amount of injury to the foundation. Defendant offered to prove with reference thereto that there was of such foundation a remaining undestroyed value of $500, claiming that under the description of the property in the policy, by which the foundation was included, a difference between the parties with reference to the amount of the loss required a reference to appraisers, which being refused by the insured, he was, under defendant's claim, barred from recovering for that reason. At the close of the testimony the court directed a verdict in favor of plaintiff for the full amount of the policy, with interest. From a denial of a motion for a new trial, defendant appeals.

The contention of the defendant that plaintiff could not recover upon his policy without a submission to arbitration in this case calls for the construction of several provisions in the general insurance law of this state relative to the valuation of the property in the policy, the rights of the parties when loss occurs, and the purpose and effect of the provisions for arbitration in the statute. The portions of the statute regulating the taking of insurance risks provides, among other things, that

"Any provision or stipulation in any such contract or policy to the effect that the insured shall bear any portion of the loss on the property insured, are hereby declared to be null and void"; also

that the insurer "shall cause such building or structure to be examined  * * *  and the insurable value thereof to be fixed by the insurer or his agent, the amount of which shall be stated in the policy of insurance. In the absence of any change increasing the risk, without the consent of the insurer, and, in the absence of intentional fraud on the part of the insured, in case of total loss the whole amount mentioned in the policy  * * * upon which the insurer receives a premium, shall be paid; and in case of a partial loss the full amount of the partial loss shall be paid."  Laws 1895, c. 175, § 25.

And, in designating the terms of the contract or policy, it is further required that

"In case of loss, except, in case of total loss on buildings, under this policy and a failure of the parties to agree as to the amount of loss it is mutually agreed that the amount of such loss shall be referred to three disinterested men,  * * *  the award in writing by a majority of the referees shall be conclusive and final upon the parties as to the amount of loss or damage, and such referees unless waived by the parties shall be a condition precedent to any right of action in law or equity to recover for such loss."  Section 53.

The gist of defendant's contention for withholding the amount due to plaintiff on the policy in this case is stated in its answer in the following terms:

"That the said foundations were not damaged by said fire, and that the plaintiff's loss and damage under said contract did not exceed the sum of $1,600,  * * *  and that the value of said foundations so covered by said policy is the sum of $600, and that the same are and always have been of that value since the date of said fire."

No other ground of difference or basis of demand for arbitration is set forth in the answer, and, although it is generally stated that the plaintiff's loss and damage under defendant's policy did not exceed the sum of $1,600, yet this allegation must be controlled by the specific facts upon which the refusal of the defendant to pay the loss is alleged, viz., the salvage upon the foundation, which, upon the theory of the defendant, made plaintiff's loss partial, rather than total, and entitled it, as a matter of right, to an appraisement by referees to diminish the amount to be paid on its policy. Hence, as we view it, the only question of

importance on this review is whether the order directing the verdict prejudiced defendant, and deprived it of any substantial right.

If plaintiff's building had been insured to the full extent of its estimated and insurable value, under the specific terms of the contract, including the foundation, it might be plausibly urged that the underwriters carrying such insurance would be substantially affected in apportioning the amount of the value of the salvage resulting from the injured foundation; but the policy did not apply or apportion any specific amount of the same upon the foundation, but in fact simply included the foundation as part of the whole structure. Technically speaking, there being a dispute as to the amount of the damage to the foundation, under the statutory terms of the standard policy, above referred to, there was "a failure of the parties to agree as to the amount of loss"; yet we do not think that this provision of our statute was intended to be technically construed, to justify a factitious or unreasonable demand for arbitration, where the same could not answer any purpose other than to create an unnecessary controversy where none reasonably should exist.

It must be recognized that the provisions of the insurance law of this state providing that the insured shall not be permitted to carry any portion of the risk, and that the insurer shall be concluded by the insurable value of the building as stated and fixed in the policy, was intended, in view of the numerous insurance controversies in this country, to prevent overinsurance and avoid litigious and captious disputes in adjustments between the parties, as well as to require payment of the full amount covered by policies; in case of loss the different provisions of the statute referred to, and the reason for their adoption, must be considered together, and, if the views expressed are not correct, we cannot give force and effect to that provision which requires, in case of a partial loss, the full payment thereof. The construction which we are bound to give these provisions of the insurance law must be such as to secure the beneficial purpose of their enactment, which seems to us to require arbitration only where the same would be essential and a necessary method to determine the

amount of the partial loss, and that if an arbitration was clearly unnecessary, as a matter of fact, in a given case, it would be absurd and inconsistent with the object of the law to require it as a prerequisite to recovery.

The answer of defendant limited the salvage to the damaged foundation. The trial proceeded entirely upon that theory. The plaintiff claimed that there was but little of the foundation (not over $150 in value) left while the defendant offered at the close of the testimony to show that the value of such salvage was $500, making no other claim for diminution of the amount of loss on its policy than a reduction of less than $400 below the entire amount of the estimated and valued portion of the property destroyed, even upon its own theory; and it is difficult to see what benefit defendant could have derived from any dispute as to the amount of salvage, when the real loss upon the buildings was greater than the whole insurance, or what advantage could result from such arbitration, unless it were to make a point upon the technical construction of a portion of the statute for the benefit of the insurance company, and thus allow the statement in the description including the foundation to become a trap for the unwary, against the spirit of the statute, whose purpose was to discourage that object.

There is nothing in the suggestion that the loss was to be adjusted as at the time of the fire, instead of at the time of the policy, as applied to this case, for by the terms of the standard policy the amount of insurable value is to be paid in case of loss, and the defendant made no other claim that the building had diminished in the short time between the policy and the fire, but placed its contention entirely upon the injury to the foundation; and, in the absence of any such claim, it must be presumed, in giving life and force to the valued-policy provision of the statute that the building, as distinguished from the foundation, was of the same value at the time of the fire as when the insurance was placed upon it. Under these circumstances, the defendant's policy of $2,000 covered an actual loss upon the building, exclusive of the foundation, and the controversy over the value of such remaining foundation is unnecessary; for, admitting all that plain-

tiff claimed, the building destroyed was worth more than $500 in value over the total amount of all the insurance upon it, including the policy of the other company, and the order of the court below was justified by the course and conduct of the defendant at the trial.

Order affirmed.