ERNST E. MOORE and Others v. SUN INSURANCE OFFICE.[1]

March 22, 1907.

Nos. 14,913—(132).

**Action on Fire Insurance Policy.**

After a loss under a standard form of fire insurance policy, the insured may sue as for a total loss, and allege in addition thereto the actual amount of the damage. If the evidence fails to establish a total loss, there may in the same action be a recovery for the actual damages as proven.

**Condition of Policy—Mortgagee.**

A condition with reference to the use and occupation of a building *held* not available against certain mortgagees.

**Right to Demand Arbitration.**

The right to demand arbitration of the amount of the loss is waived by a denial of liability on the policy.

[1] Reported in 111 N. W. 260.

Action in the district court for Ramsey county to recover $1,500 upon a fire insurance policy. The case was tried before Brill, J., and a jury, which rendered a verdict in favor of Tremont National Bank, one of the plaintiffs, for $737.90, in favor of John S. Sepp, another of the plaintiffs, for $802.60, and in favor of the defendant against Ernst E. Moore. From an order denying a motion for a judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*M. H. Boutelle* and *N. H. Chase,* for appellant.

*Charles J. Berryhill* and *Durment & Moore,* for respondents.

ELLIOTT, J.

This action was brought by Ernst E. Moore, the Tremont National Bank, and John S. Sepp against the Sun Insurance Office to recover the amount claimed to be due on the policy of fire insurance of the standard form. This policy, for the sum of $1,500, was issued in 1902 to Helen G. Hill, and covered her interests in certain property known as the "Stryker Seminary." The insurance value of the property was fixed at $10,000, and concurrent insurance to that amount was permitted and written. When the policy was issued the Tremont National Bank held a mortgage on the property and the usual mortgage clause, making the loss, if any, payable to the bank as its interest might appear, was attached. Through foreclosure proceedings, of which the insurance company had proper notice, the title of the property became vested in the mortgagee. Thereafter, about July 7, 1905, the Tremont National Bank sold the property to the plaintiff Moore, and as a part of the purchase price he gave back a mortgage for the sum of $4,700, which is still in force. On August 14, 1905, Moore executed two contemporaneous mortgages on the property to Sepp, one for $5,300 and one for $2,000, both payable six months from date. The aggregate of the bank mortgage and the two Sepp mortgages thus exceeded the stipulated insurable value of the property. On August 17, 1905, the bank assigned the policy upon which this action was brought to Moore, and at that time a rider was attached, which made the loss, if any, "payable first to the Tremont National Bank of Boston, Mass., and second to John S. Sepp, as their respective interests may appear." A fire occurred on September 6, 1905. Due

proofs of loss were made, and, the policy not being paid, this action was brought. After issue was joined the insurance companies settled with Moore, and the fact was pleaded in a supplemental answer. The controversy was thereafter between the insurance company and the two mortgagees. The trial court held that the company was liable, and, there being no dispute as to the amount of the interest of the Tremont National Bank, directed a verdict in its favor for the full amount claimed by it. As to the plaintiff Sepp the jury was instructed that he "is entitled to recover in this case to the extent of his interest. He is entitled to recover something, and the question is how much. Now, how much he is entitled to recover depends upon the extent of his interest. The extent of his interest is covered in a measure by his interest in these mortgages' which were executed by Moore to him." The jury returned a verdict in favor of Sepp for the full amount of his claim, and the defendant appealed from an order denying a motion for judgment notwithstanding the verdict or for a new trial.

The appellant makes numerous assignments of error, all of which are predicated upon the denial by the trial court of the following assertions: (a) In an action on a valued policy for a total loss, a recovery cannot be had as upon a cause of action on an open policy for a partial loss; (b) the evidence shows a breach of the condition and warranty with respect to the use and occupation of the premises which invalidates the policy; (c) the facts show a failure to comply with the condition relating to arbitration, and the action was therefore prematurely brought; (d) the verdict was against the preponderance of the evidence in respect to the amount of Sepp's interest; and (e) the court erred in submitting the question of Sepp's interest to the jury.

The policy in question provides that "the insurable value of said building is hereby stated to be $10,000." The statute (R. L. 1905, § 1642; See Laws 1895, p. 401, c. 175, § 25) provides that:

> Every company insuring any building or other structure against loss or damage by fire, lightning or other hazard, by the issue of a policy or renewal of one theretofore issued, or otherwise, shall cause such structure to be previously examined, a full description thereof to be made, and its insurable value to be fixed, all by the insurer or his agent, and the amount thereof to be stated in the policy. In the absence of any change in-

creasing the risk without the consent of the insurer, of which the burden of proof shall be upon it, and in the absence of intentional fraud on the part of the insured, the whole amount mentioned in the policy or renewal upon which the insurer receives a premium, shall be paid in case of total loss and in case of partial loss the full amount thereof.

The object of this statute is to impose upon the insurance company the burden of investigating and satisfying itself that the valuation placed upon the property by the applicant for insurance is not excessive, and thus to preclude it from questioning the valuation after it has issued a policy and received premiums based thereon. In the absence of some fraudulent practice on the part of the applicant, which induced the company to accept the valuation which it inserts in its policy, or some subsequent material change in the property, the amount which may be recovered if the building was totally destroyed by fire is thus conclusively determined. No evidence is thereafter admissible to show that the valuation to which the company agreed before the contract was made was either excessive or inadequate.

The appellant contends that a policy of this character contains two separate and distinct contracts—one, a promise to pay a fixed sum if the building is totally destroyed; the other, a promise to pay the amount of the loss if the building is partially destroyed—and that after a fire the insured must elect whether he will proceed upon one or the other of these contracts. But only one cause of action arises when the property insured is destroyed or damaged. The statute provides for the recovery of the full amount of the valuation in case of total loss, and the amount of the damage in case of partial loss. In one case the amount of recovery is determined by proof of the fact of the total destruction of the building, and in the other by proof of the actual amount of the damage. There is no reason why a complaint may not be so framed as to allow the plaintiff to recover the amount of the policy if the evidence establishes a total loss, or the actual amount of the loss if the property is not totally destroyed. This is particularly true, when, as in the present case, the amount of the actual damage exceeds the insurable value of the building. So far as it goes, the same evidence which proves one condition will at least tend

to establish the other. This procedure is simple, and avoids the delay and expense necessarily involved in a second action to recover the actual loss in the event of the failure of the plaintiff to prove a total loss. The purpose of any procedure is to enable a plaintiff to recover if he has a cause of action and is able to establish the essential facts.

We are unable to see how a defendant is prejudiced by such a course, if the facts are properly pleaded. It is true that certain provisions which relate to procedure after a loss are not called into operation if the plaintiff claims a total loss, and if the plaintiff rests upon such a claim noncompliance with such a provision is immaterial. If the complaint fairly notifies the insurer that the plaintiff will attempt to prove the actual damage and that the property was totally destroyed, the insurer may then plead noncompliance with any conditions the breach of which will defeat a recovery if the evidence fails to show a total loss. The defendant did so plead in this case, but offered no evidence to sustain its allegations. The complaint alleges that

> On September 6, 1905, the said building on said premises known and described in said policy aforesaid was damaged by fire and burned, and notice thereof was duly given to said defendant; that the loss upon said building was and is a total loss, and exceeds, together with all concurrent insurance thereon, the sum and amount of the said insurable value thereof.

The answer admitted that the building was damaged by fire and burned, and notice thereof duly given, but denies that "the loss upon said building was and is a total loss, and exceeds together with all concurrent insurance thereon, the sum and amount of said insurable value thereof." The plaintiffs thus alleged that the building was a total loss and that the actual amount of the said loss exceeded the sum of $10,000, and both of these allegations were denied by the answer. The defense had notice that the plaintiff would attempt to prove the actual amount of the damage, as well as the fact that the building was totally destroyed.

The appellant's contention that the action was prematurely brought, because there was no arbitration of the loss, is without merit. The answer, when fairly construed, admits that the insurance company at

all times after the loss denied all liability on the policy, except as to the mortgagee, and charges that the building was burned by the owner. The right to arbitration was waived. It further appears conclusively that the amount of the loss exceeded the total amount of the insurance, and therefore no appraisal was required. Ohage v. Union Ins. Co., 82 Minn. 426, 85 N. W. 212.

In connection with the description of the property inserted in the policy there is a provision that the building and the contents are insured while "occupied as a dwelling and school." The appellant contends that the breach of this condition invalidated the contract. It is not necessary to determine the effect of these words as between the insured and the owner of the property, as the owner has been settled with by the company and is no longer a party to this action. The right to insert conditions and warranties in the standard form of fire insurance policy and the limitations thereon were discussed in the recent case of Wild Rice Lumber Co. v. Royal Ins. Co. of Liverpool, 99 Minn. 190, 108 N. W. 871. The rights of mortgagees only are involved in this action. In the answer the insurance company alleged that there was a breach of the condition with reference to the use and occupation of the premises, "by reason whereof said policy of insurance was and is, as to said plaintiffs other than the plaintiff bank, wholly void according to its terms." It is thus conceded that the Tremont National Bank, one of the mortgagees, was not affected by the breach of the condition, even if the condition was valid. The other mortgagee, Sepp, must stand on the same footing to the extent of his interest. If the policy was valid when issued, and we are satisfied that it was, the mortgagees' interests could not be affected by the neglect of the owner to see that the building was used as a dwelling and school. The Tremont National Bank and Sepp are not specifically named as mortgagees in the rider; but the evidence shows, and it is conceded, that they were in fact mortgagees, and that it was their interests as such that the company intended to protect. The policy, as required by the statute, provides that, "if this policy shall be made payable to a mortgagee of the insured real estate, no act or default of any person other than such mortgagee or his agents, or those claiming under him shall affect such mortgagee's right to recover in case of loss." This provision protected these mortgagees from the conse-

quences of the subsequent acts or omissions of the owner of the property. Magoun v. Fireman's Fund Ins. Co., 86 Minn. 487, 91 N. W. 5, 91 Am. St. 370.

This case seems to have been framed up and tried on the theory that the policy was valid as to the mortgagee the Tremont National Bank, and invalid as to the owner, Moore, and the other mortgagee Sepp. The evidence was sufficient to sustain the finding of the jury as to the amount of Sepp's interest.

We find no error in the instructions, and the order from which the appeal was taken is therefore affirmed.