ERNST E. MOORE and Others v. PHŒNIX INSURANCE COMPANY OF BROOKLYN.[1]

March 22, 1907.

Nos. 15,002—(180).

**Harmless Error.**

In an action to recover on a fire insurance policy, *held*, where the verdict is what as a matter of law the record shows it should have been, any errors committed on the trial or misconduct by the jury are harmless, and are not a ground for a new trial.

**Action on Fire Policy—Evidence.**

The plaintiffs in this case were upon the record entitled as a matter of law to the verdict returned by the jury.

Action in the district court for Ramsey county to recover $1,500 with interest upon a fire insurance policy. The case was tried before Orr, J., and a jury, which rendered a verdict in favor of the plaintiffs for $1,559. From an order denying plaintiffs' motion for judgment notwithstanding the verdict and granting defendant's motion for a new trial, plaintiffs appealed. Reversed, with direction to enter judgment on the verdict.

*Charles J. Berryhill* and *Durment & Moore,* for appellants.

*M. H. Boutelle* and *N. H. Chase,* for respondent.

[1] Reported in 111 N. W. 263.

STARK, C. J.

The plaintiff Moore was the owner of a building in the city of St. Paul known as the "Stryker Seminary," upon which he had insurance in nine different companies, aggregating $10,000, one of which, for $1,500, was issued by the defendant company. The insurance was concurrent, and in each policy the insurable value of the building was stated to be $10,000. The plaintiff bank had a first mortgage on the building for $4,700, and the plaintiff Sepp two mortgages, aggregating $7,300, and the loss by each policy was made payable, first to the bank, and second to Sepp, as their respective interests should appear. On September 6, 1905, and while the policies were in force, the building was substantially destroyed by fire, and proofs of loss made; but it was not paid, and this action was brought upon the defendant's policy to recover the amount thereof. This case is in many respects like the case of Moore v. Sun Insurance Office, supra, page 374, 111 N. W. 260. Reference to such opinion is here made for a fuller statement of the facts.

The complaint in this case, with other matters, alleged that:

> Thereafter, and on September 6, 1905, the said building on said premises known and described in said policy aforesaid was damaged by fire and burned, and notice thereof was duly given to said defendant; that the loss upon said building was a total loss, and exceeds, together with all concurrent insurance thereon, the sum and amount of the said insurable value thereof.

The answer put these allegations in issue.

The defendant offered no evidence on the trial of the cause, but rested when the plaintiff rested, and moved the trial court to direct a verdict for it on the ground that the undisputed evidence failed to establish facts sufficient to justify a recovery. The plaintiffs moved the court to direct a verdict in their favor. Each motion was denied, and each party excepted. The trial court then submitted the case to the jury, and, after calling their attention to the allegation of the complaint in reference to the loss, which we have quoted, instructed them to the effect that the burden was upon the plaintiffs to establish the allegations as to loss, and, further, that if they found that any substantial part of the building remained after the fire, which a rea-

sonably prudent owner could and would use in restoring the building to the condition it was in before the fire, their verdict should be for the defendant. The plaintiffs excepted to this instruction. The jury returned a verdict for the plaintiffs for the amount of the policy. The defendant then made a motion for judgment in its favor notwithstanding the verdict, or for a new trial, on the ground that the verdict was not sustained by the evidence, errors of law occurring on the trial and duly excepted to by the defendant, and misconduct of the jury. The plaintiffs made a motion for judgment in their favor notwithstanding the verdict. The trial court made its order denying each motion for judgment and granting the defendant's motion for a new trial on the ground of the misconduct of the jury. The plaintiffs appealed from so much of the order as denied their motion and granted the defendant a new trial.

The plaintiffs had a verdict in their favor for all that they claimed, and their motion for judgment notwithstanding the verdict would seem to be unauthorized. In any event it was unnecessary to enable the plaintiffs to raise on this appeal the question which they seek to raise, namely, that upon the record they were and are entitled as a matter of law to judgment for the full amount claimed; for, if such be the case, it is a conclusive reason why the trial court erred in granting a new trial. If the verdict is right as a matter of law, and such as the court should have directed, then it is immaterial whether the court erred in its rulings or its charge, or whether the jury were guilty of misconduct; for such errors could not have been prejudicial, because the result is legally right. The case would then fall within the rule that when the verdict is what, as a matter of law, the record shows it should have been, any errors committed on the trial, or misconduct by the jury, are harmless, and are not a ground for a new trial. Strong v. Baker, 25 Minn. 442; Magner v. Truesdale, 53 Minn. 436–438, 55 N. W. 607; Smithson v. Chicago Great Western Ry. Co., 71 Minn. 216–229, 73 N. W. 853; Dunnell, Minn. Pr. §§ 1090, 1129.

The undisputed evidence in this case is practically conclusive that the plaintiffs' actual loss and damage by fire exceeded the total amount of the insurance on the building. The plaintiffs, over the objection

and exception of the defendant, introduced evidence showing that, utilizing the parts of the building remaining after the fire (excepting chimneys and foundations), the reasonable cost of reconstructing and restoring the building immediately after the fire would have been $11,571, or more than $1,500 in excess of the total insurance. The defendant, however, earnestly contends that this evidence was not competent under the pleadings, and that its admission was error, entitling the defendant to a new trial without reference to any other alleged errors. If this evidence was competent under the pleadings, the plaintiffs upon the record were entitled to an instructed verdict; otherwise, not. This is the pivotal question on this appeal, and precisely the same question raised and decided in the case of these plaintiffs against the Sun Insurance Office adversely to the defendant. We hold, following that case, that the evidence was competent, and that the plaintiffs were entitled to a directed verdict in this case.

It follows that the order granting a new trial must be reversed, and the cause remanded to the district court, with direction to enter judgment on the verdict in favor of the plaintiffs. So ordered.