GERMAN-AMERICAN INS. CO. v. JOHN MCBEE ET AL.

1. OWNER'S INSURABLE INTEREST IN FOUNDATION OF BUILDING TOTALLY DESTROYED BY FIRE CANNOT BE CONSIDERED IN SETTLING LOSS.

Section 3691 Rev. Stat., excluding cellar and foundation walls in settling insurance losses, notwithstanding the policy includes them as part of a building, is intended to prevent confusion and uncertainty resulting from considering the foundation as part of the building and to give full effect to Sec. 3643, fixing payment in case of "total loss" of a building the insurable value of which is fixed by insurer's agent at the time of issuance or renewal of the policy thereon. Hence, consideration of the owner's insurable interest in the foundation of a building of which there has been a total loss under a policy including foundation as part of the building is an unwarranted evasion of the statute.

2. IN CASE OF "TOTAL LOSS" OF BUILDING FAILURE TO QUALIFY DEFINITION OF TERM NOT ERRONEOUS.

Where it is undisputed that the loss was total, a failure on the part of the court to qualify the definition of "total loss" in the charge to the jury does not constitute error; and where the building exclusive of the foundation is a total loss, a disagreement as to the amount of the loss is unimportant and the necessity for an appraisement does not exist.

3. INSTRUCTION THAT VACANCY OF BUILDING AT ISSUANCE OF POLICY NEED NOT BE CONSIDERED BY JURY.

A charge that the jury need not consider whether or not the property was vacant at the time the policy was applied for and issued is not erroneous under the provisions of Section 3643, particularly when the evidence is undisputed that the agent of the company had knowledge of such vacancy.

ERROR to Hamilton common pleas court.

**R. L. Black** and **J. W. Mooney,** for plaintiff in error.

**J. T. Harrison,** for defendant in error.

GIFFEN, J.

It may be conceded that the owner of a building has an insurable interest in the foundation upon which it rests; but if as in this case

Hamilton County.

the description in the policy of insurance includes it as a part of the building, it cannot be so considered in settling losses. The purpose of Sec. 3691 Rev. Stat., was to prevent the confusion and uncertainty arising by treating the foundation as a part of the building and to give full effect to Sec. 3643 Rev. Stat. in case of total loss of the building.

The illustration suggested by counsel for plaintiff in error of a policy of insurance upon dwelling house and furniture therein contained is not in point, as the furniture is not included as a part of the building, nor is there any statutory regulation of such a case except Sec. 3643 Rev. Stat., which would still require the insurer's agent to fix the insurable value of the building at the time the policy is applied for.

The construction of this section contended for would permit the insurer to defeat its operation in all cases by simply using the form of policy here sued on.

It is practically undisputed that the loss of the buildings was total, and the error of the court in not qualifying the definition of "total loss" as requested by counsel at the conclusion of the general charge was not prejudicial. So, likewise, if the foundation be considered not a part of the buildings, the exclusion and admission of certain evidence set forth in the brief were without prejudice. It follows also that there was no error in refusing to submit to the jury interrogatories Nos. 1, 3 and 4.

The charge of the court that the jury need not consider whether the property was vacant at the time the policy was applied for and issued was proper under Sec. 3643 Rev. Stat., as well as the undisputed evidence that the agent of the company had actual knowledge of such vacancy. The demurrer to the amendment to the second defense alleging a proportionate liability for the cash value of the dwelling house at the time of the fire was properly sustained, although a motion to strike out would have been more appropriate. *Queen Insurance Co.* v. *Leslie*, 47 Ohio St. 409 [24 N. E. Rep. 1072; 9 L. R. A. 45].

The special instructions refused by the court were requested upon the theory that the foundation was specially insured, and thereby a disagreement as to the amount of loss, and necessity for an appraisement arose; but if the buildings, exclusive of foundation, were a total loss, the disagreement was unimportant and a necessity for appraisement did not exist. *Ohage* v. *Insurance Co.* 82 Minn. 426 [85 N. W. Rep. 212].

We find no prejudicial error and the judgment will be affirmed.

**Swing** and **Smith, JJ.,** concur.