Johnson, J.
It is conceded that plaintiffs Delow refused to enter upon an appraisement to fix the amount of the loss, claiming that there was a total loss, and that under Section 3643, Revised Statutes, they were entitled to the full amount of the policy. The courts below sustained this view. The insurance company insists that this was erroneous for two reasons:
1st. That as the policy covered the foundation of the dwelling house as well as the rest of the structure, and as the foundation was not totally destroyed the statute does not apply and the company was entitled to an appraisement.
*168 2nd. There being more than one policy covering the property, it is claimed that the valued policy law, Section 3643, Revised Statutes, does not apply.
A number of special charges embodying these propositions, were requested by plaintiff in error, and refused bjr the trial court, and the questions were also preserved by the tender of testimony on the trial which was rejected.
As to the first proposition it is contended, substantially, that Section 3643, Revised Statutes, applies only where the policy covers a “building or structure,” and that if the foundation is a part of the “building or structure” and is not totally destroyed, then there has been no total loss within the meaning of that section; and on the other hand, that if the foundation is not to be considered as part of the “building or structure,” then the policy has covered something in addition thereto, and that, therefore, the statute does not apply.
Section 3691, Revised Statutes, is as follows: “The cellar and foundation walls shall not be included or considered as part of the building or structure in settling losses, anything in the application or policy to the contrary notwithstanding.”
It is urged by counsel for plaintiff in error that this section does not preclude the company from insuring the foundation, if the parties agree that it shall be done. Doubtless this is true, but such agreement must be separately and sufficiently indicated in the contract itself.
In the policy issued in this case, the description is, “the two story shingle roof brick building and additions thereto attached, including founda *169 tions,” etc. That is to say, the policy specifically provides that the “building” insured shall include the foundation. It negatives the idea or the desire for insurance on the foundation separately from, or in addition to the building or structure, referred to in the statute. The section of the statutes above quoted provides that the foundation shall not be “included” as part of the “building or structure” in settling losses, anything in application or policy to the contrary notwithstanding. The manifest purpose of the statute was to prevent entirely the incorporation of the foundation in the description of the building and to prevent the insurance company from using such a description, as a means to avoid the operation of the statute, in cases otherwise applicable, and thus secure a result wholly contrary to its spirit.
In the only case cited by plaintiff in error in support of its view, Ohage v. Union Ins. Co., 82 Minn., 430, it does not appear from the report of the case whether Minnesota has a statute similar to the Ohio statute, Section 3691, Revised Statutes, büt the court remark at page 430: “It is difficult to see what advantage could result from such arbitration, unless it were to make a point upon the technical construction of a portion of the statute for the benefit of the insurance company, and thus allow the statement in the description including the foundation to become a trap for the unwary, against the spirit of the statute, whose purpose was to discourage that object.”
The principal and most important question in this case, is that presented by the second of the propositions asserted by plaintiff in error, as *170 above stated. Where more than one policy is issued on a building or structure totally destroyed, does the valued policy law, Section 3643, Revised Statutes, control? That section as in force when the policy was issued reads as follows: “Any person, company, or association, hereafter insuring any building or structure against loss or damage by fire or lightning, by a renewal of a policy heretofore issued, or otherwise, shall cause such building or structure to be examined by an agent of the insurer, and a full description thereof to be made, and the insurable value thereof to be fixed by such agent; in the absence of any change increasing the risk without the consent of the insurers, and also of intentional fraud on the part of the insured, in case of total loss, the whole amount mentioned in the policy or renewal upon which the insurers receive a premium shall be paid, and in case of a partial loss the full amount of the partial loss shall be paid; and in case there are two or more policies upon the property, each policy shall contribute to the payment of the whole or the partial loss in proportion to the amount of insurance mentioned in each policy; but in no case shall the insurer be required to pay more than the amount mentioned in its policy.” This court has been called on to consider the above section, known as the valued policy, or Howland law, many times. There has not been constant unanimity in its construction, or application, and in Insurance Co. v. Werner, 76 Ohio St., 551, some of the earlier cases were overruled. But it has not been questioned in any case, that the statute enters into, and becomes part of every *171 fire insurance contract, and supersedes and annuls all terms in any such contract, which differ from its provisions. Insurance Co. v. Leslie, 47 Ohio St., 409; Insurance Co. v. Russell, 65 Ohio St., 255; Insurance Co. v. Drackett, 63 Ohio St., 41, and 19 Cyc., 659.
It is contended that the last clause, of the section indicates that the legislature intended that where there is more than one policy on the property the statute shall not apply.
That clause provides, where there are two or more, policies, each shall contribute to the “whole or the partial loss” in proportion to the amount named in each policy. It is urged, that the necessary implication from the use of the words “shall contribute to the whole or partial loss in proportion” etc., is, that there must first be an ascertainment of the amount of the “whole or partial loss,” and that as the contract prescribes the method of ascertaining this amount, that method must be followed. The first clause of the section requires any company insuring, to cause the building to be examined by an agent of the “insurer,” and the insurable value fixed. The second clause enacts that in the absence of change increasing risk without consent of the “insurers,” in case of total loss the whole amount named in the policy on which the “insurers” receive premiums shall be paid, and if the loss is partial the full amount of the partial loss shall be paid. Then the third clause, and that in case there are two or more policies, each shall contribute to the payment of the whole or partial loss, in proportion to the amount of each policy. Taken as a whole the *172 section requires that the examination must first be made and the insurable value fixed in the manner stated, and manifestly contemplates, not only that more than one “insurer” may insure the same property, but that the different “insurers” might insure in different amounts. Then after requiring that in case of total loss the whole amount mentioned on which the “insurers” receive a premium shall be paid, it is provided that in case there are two or more policies each shall contribute in proportion, etc.
We think the clear meaning- is that where the loss is partial the amount shall be ascertained and paid in the proportions named, and where it is total, the proportion of each, is the amount mentioned in its policy.
There is nothing in the statute, from which the inference can be fairly drawn, that the legislature intended that the law should be abrogated where more than one policy had been issued. If such had been the intention it is natural to assume that a simple provision would have been added, that the law should not apply where there was more than one policy on the property. Whereas, the clause that actually was added, as a final provision, is, that in no case shall the insurer be “required to pay more than the amount mentioned in its policy.” To hold otherwise would enable insurers to habitually avoid the statute by arranging that some part of their insurance shall be carried by others.
It is a matter of common knowledge that usually the insurance risk on the better “buildings and structures” is carried by more than one com- *173 pa-ny. That is doubtless a wise and safe course and one to be commended, but it suggests no reason why the precautions and procedure of this statute should not be followed.
We are more firmly convinced of the correctness of these views by a consideration of this law as originally passed, in comparison with it, as embodied in the Revised Statutes.
The original statute was passed March 5, 1879, and is found in Yol. 76, page 26, Ohio Laws. The third clause (being the one under consideration here) reads: “In case there are two or more policies upon the property each policy shall contribute to the payment of the whole of the partial loss in proportion to the amount of insurance mentioned in each policy. In the revision of 1880, the phrase “Whole of the partial loss” appears as “whole or the partial loss.” That is, the word “of” was in some manner changed to “or” in the revision.
There would of course be no room for discussion as to the meaning of the law as originally passed.
Under well settled rules of construction “Where the general statutes of the state are revised and consolidated, there is a strong presumption, that the same construction which the statute had before revision, should be applied to the enactment in the revised form, although the language may have been changed.”
In such case the court is only warranted in holding the construction to be changed when the intent of the legislature to make such change is clear and manifest. State, ex rel., v. Commis *174 sioners, 36 Ohio St., 326; Heck v. State, 44 Ohio St., 536; State, ex rel., v. Stockley, 45 Ohio St., 308. We do not think there is disclosed such intention in this instance, when the statute is viewed as a whole and having in mind the object which is attempted to be accomplished. It is very-apparent that the law is founded on what the general assembly regarded as considerations of sound public policy, the purpose being to require the insurance company to make a full examination of the property, and itself fix the insurable value, and thus avoid over-insurance and improper risks, to prevent disputes as to the amount to be recovered in event of total loss, and to protect the insured, as far as possible, against unreasonable defenses.
These are surely proper and worthy purposes, and while we might be inclined to doubt the efficiency, and the policy of the enactment, by which they are sought to be accomplished, .yet that is a matter within the legislative power, which when exercised must be judicially enforced.
We find no error in the record .and the judgments of the courts below are affirmed.

Judgments affirmed.

Spear, C. J., Price and Donahue, JJ., concur.