## JOSIE OPPENHEIM and Others v. FIREMAN'S FUND INSURANCE COMPANY.[1]

November 29, 1912.

Nos. 17,699—(37).

**Fire insurance — coinsurance clause.**

Where the coinsurance clause permitted by R. L. 1905, § 1642, as amended by Laws 1907, c. 446, is attached to a policy of fire insurance, and the insured maintains insurance on the building to the amount which he is by such clause required to carry, in case of a total loss the insurable value as stated in the policy, and not the actual value at the time of the fire, is the basis of determining the amount of recovery on the policy.

**Total or partial loss.**

In this case the question of whether the loss was total or partial was, under the evidence, one of fact for the jury.

**Same — amount of recovery.**

It is only where a loss on buildings is total that the insurable value as stated in the policy forms the basis of determining the amount of a recovery. Where the loss is partial the insured is entitled to recover the actual amount of his loss, and this cannot be based on the insurable value.

**Reference to arbitrators.**

If the actual loss is proved to be greater than the amount of the insurance, a reference to arbitrators is not a condition precedent to recovery, but if the actual loss is less than the amount of the insurance such reference is a condition precedent to recovery.

Action in the district court for Ramsey county to recover $5,000 upon a policy of fire insurance. The case was tried before Dickson, J., who, at the close of the testimony, denied defendant's motion for a directed verdict and directed a verdict in favor of plaintiffs for $5,142.50. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed and new trial granted.

*Morphy, Ewing & Bradford,* for appellant.

*M. D. Munn,* for respondents.

[1] Reported in 138 N. W. 777.

119 M.—27.

PHILIP E. BROWN, J.

This is an action on a policy of fire insurance. At the close of the testimony the trial court directed a verdict for the plaintiffs. The defendant moved for judgment notwithstanding the verdict or for a new trial, and from an order denying this motion appealed to this court.

The policy sued on was issued upon a building in St. Paul owned by the plaintiffs, was for $5,000, and was one of six policies identical in form, making a total insurance of $20,000. While these policies were in force a fire occurred which damaged, or practically destroyed, the building. The plaintiffs furnished proofs of loss, claiming a total loss. The defendant insisted that the loss was not total, and demanded that the question of the amount of the loss and damages be referred to referees, as provided in the policy in case of a disagreement upon such question. The plaintiffs refused to comply with this demand and, the defendant refusing to pay, brought this action as for a total loss, and in their complaint alleged that the loss was total and prayed judgment for the total amount of the policy sued on, to wit: $5,000. The defendant, in its answer, admitted the issuance of the policy, that the insurable value of the property, as stated in the policy, was $25,000, and that the total insurance on the property was $20,000, but alleged that the entire risk covered by the policy amounted to more than $20,000, that the other companies carrying insurance on the said property were "co-insurers" with the defendant by reason of the fact that the policy contained the following so-called "coinsurance" clause:

"In consideration of the acceptance by the assured of a reduction from the established rate of 105 per cent to 89 per cent, it is hereby agreed that the assured shall maintain insurance during the life of this policy upon the property hereby insured to the extent of at least 80 per cent of the actual cash value thereof at the time of fire; and that failing so to do, the insured shall be a coinsurer to the extent of such deficit, and to that extent shall bear his, her or their proportion of any loss, and it is expressly agreed that in case there

shall be more than one item or division in the form of this policy this clause shall apply to each and every item.

"This clause, at the request of the assured, is attached to and forms part of Policy No. C-118,167 of the Fireman's Fund Insurance Company of California, and shall in no case apply to dwellings or farm property nor to any risk wherein the total insurance shall be less than twenty thousand dollars, except grain elevators and warehouses and the contents of same."

As a further defense it was alleged that the loss was not total, but partial only, and that for this reason the reference demanded by it and refused by the plaintiffs was a condition precedent to the right to sue on the policy, and that the actual loss from the fire did not exceed $11,000.

1. The first proposition of the defendant is that by reason of the "coinsurance" clause of the policy and under R. L. 1905, § 1642, as amended by Laws 1907, p. 639, c. 446, the actual value of the insured property at the time of the fire is the basis for determining the amount of the loss, notwithstanding the agreed valuation of the property as evidenced by the "insurable value" stated in the policy. But the trial court ruled that the "coinsurance" clause, under the law referred to, had no effect; it being admitted that there was concurrent insurance which brought the total insurance up to eighty per cent of the insurable value stated in the policy; and in this we agree with the trial court. We hold that the mere attaching of the "coinsurance" clause to the policy, though with the consent of both parties to the contract, did not wipe out the "insurable value" stated in the policy and render the policy an open one, and that under such a clause the insurer becomes a coinsurer within the purview of Laws 1907, c. 446, only where he fails to take out concurrent insurance to the amount specified and required by such clause. The statute under consideration provides:

"Any policy where the entire risks covered by the same amounts to more than $20,000 may contain a coinsurance clause, if the insured requests the same in writing, of which fact such writing shall

be the only evidence, and if, in consideration thereof, a reduction in the rate of premium is made by the company. When so demanded and attached to the policy, said agreement shall be binding upon both the insured and the company, and in case of loss the actual cash value of the property so insured at the time of the loss, including buildings, shall be the basis for determining the proper amount of such coinsurance and the amount of loss, notwithstanding any previous valuation of such building."

It appears that the insured in this case requested a coinsurance clause, and that pursuant to such request the clause above quoted was included in the policy. Looking, then, to this clause, it is quite clear that it was simply an agreement by the insured to maintain insurance on the property to the extent of at least eighty per cent of the "actual cash value thereof at the time of fire," in default of which the insured would themselves become coinsurers to the extent of the deficit. Since, therefore, it is admitted that the insured maintained insurance covering eighty per cent of the "insurable value," which amount, according to the defendant's own contention hereinafter referred to, even exceeded the amount which the plaintiffs were required to carry under a literal interpretation of that provision of the coinsurance clause specifying that eighty per cent of the "actual cash value" of the property "at the time of fire" should be covered by insurance, it would also seem very clear that the plaintiffs did not become coinsurers, and that, so far at least as the coinsurance clause is concerned, the policy was not an open one under which the loss was determinable with reference to the cash value of the property at the time of the loss, as distinguished from the "insurable value" stated in the policy.

There is a wide distinction between "coinsurance" and "concurrent insurance." The latter term has been used from time immemorial to designate insurance placed in other companies covering the same risk. The standard policy permits concurrent insurance, and it was permitted in the policy in this case. We venture to say that it is rare indeed that there is not concurrent insurance whenever the risk is a large one. Coinsurance, on the other hand, is a creature

of modern invention, at least in this state. When the standard policy law was enacted, and for a long time thereafter, it was expressly provided that there should be no coinsurance or other clause in the policy which would reduce the amount payable to the insured in the event of loss to less than the amount of the loss, so long as there was insurance to cover the same. In 1903 a coinsurance clause was permitted at the option of the insured, where the total insurance was not less than $25,000 on one risk. Since then, while there has always been in the insurance laws a provision forbidding the insertion in a policy of a condition limiting the amount to be paid in case of a total loss on buildings to less than the amount of insurance on the same, a coinsurance clause has been permitted.

It is clearly the settled policy of the state to avoid controversy over the amount of a loss in case of a total loss on buildings. To adopt the rule contended for by the defendant would be to create this controversy in every case where the risk was over $20,000, and the coinsurance clause was attached, no matter whether the actual insurance maintained was under or over the amount which by the terms of the coinsurance clause the insured is required to carry. We hold that there is no "coinsurance" where the insured does not bear a proportion of the risk himself. When he procures concurrent insurance, and the total amount of all the policies on the property is equal to or greater than the amount which the insured agrees to carry, there is no "coinsurance," and the insurable value stated in the policy is the only basis for determining the amount to be paid in case of a total loss on buildings.

2. The second contention of the defendant is that this was a partial loss, and not a total one, and therefore that the insured is entitled to recover on the basis of the actual loss, which should be determined with reference to the actual value of the property at the time of the fire, as distinguished from the "insurable value" stated in the policy. The first question here is whether the loss was total or partial. An examination of the record leads us to the conclusion that the evidence on this point was conflicting and that the question was for the jury. Witnesses for the defendant testified that the walls of the building and certain iron posts, trusses, and joists, could

be used in place in reconstruction. Witnesses for the plaintiff testified to the contrary. We are unable to say that it conclusively appears that the loss was total under the decision in Northwestern Mut. Life Ins. Co. v. Rochester German Ins. Co. 85 Minn. 48, 88 N. W. 265. For the purposes of this appeal, therefore, we must treat the loss as partial.

This brings us to the second question on this branch of the case, namely, whether in case of a partial loss the "insurable value" agreed upon in the policy is to be taken as the basis of determining the actual loss, or whether such loss must be calculated with reference to the actual value of the property at the time of the fire. The trial court, in directing a verdict for the plaintiffs, adopted the theory that the defendant was bound by the "insurable value" as stated in the policy, and that the amount of the actual loss should be determined by deducting from the insurable the value of the portion of the building which could be used in place in reconstructing the building. Upon this basis it was found that the result was a loss in excess of the total insurance on the building, and under the doctrine of Ohage v. Union Ins. Co. 82 Minn. 426, 85 N. W. 212, Moore v. Sun Fire Office, 100 Minn. 374, 111 N. W. 260, and Moore v. Phœnix Ins. Co. 100 Minn. 393, 111 N. W. 263, the defendant was held liable for the full amount of the policy sued on.

The defendant on the trial offered to prove that the total value of reconstructing the building was $20,500. This evidence was excluded on the theory that the defendant was bound by the insurable value stated in the policy, namely, $25,000. We must assume that, if this evidence had been admitted, it would have been shown that the amount of the actual loss was less than the total insurance, for it was found by the trial court that the value of the portion of the building remaining in place was nearly $5,000. Hence the correctness of this ruling whereby the above mentioned evidence was excluded, and of the order directing a verdict, depends wholly upon whether the amount of the insurer's liability is, in case of a partial loss, to be arrived at with reference to the insurable value, as stated in the policy, or by disregarding such value and looking to the actual value at the time of the fire.

The valued policy provision of the statute contained in R. L. 1905, § 1642, as amended by Laws 1907, p. 639, c. 446, after providing that every company insuring any building shall cause its insurable value to be fixed and stated in the policy, declares that in the absence of change increasing risk, or of fraud, "the whole amount mentioned in the policy or renewal upon which the insurer receives a premium, shall be paid in case of total loss, and in case of partial loss, the full amount thereof." There can be no doubt that this language means that in case of a partial loss the full amount of such partial loss shall be paid. Before the revision, the language was: "And in case of a partial loss the full amount of the partial loss shall be paid." [1] It is plain that the revisers did not intend to change the law on this point, but only to eliminate what they considered to be superfluous words. It is quite evident, furthermore, from this statute, and from other provisions of the law and of the standard form of policy, (and a policy in such form must be construed as the voluntary contract of the parties, Kollitz v. Equitable Mut. Fire Ins. Co. 92 Minn. 234, 99 N. W. 892), that it was intended that in case of a total loss on buildings the recovery shall be on the basis of the insurable value as stated in the policy, but that in the case of a partial loss on buildings, or a total or partial loss on other property, the amount of the loss shall be recovered, without reference to the insurable value as stated in the policy.

For instance, the law as well as the policy provides that, except in case of a total loss on buildings, the amount of the loss shall be submitted to arbitrators, if not agreed upon. It is also provided, in the standard form of policy prescribed by the statute, that the amount of the loss or damage is to be estimated, except in the case of a total loss on buildings, "according to the actual value of the insured property at the time when such loss or damage happens;" and the standard form also provides that, except in case of total loss on buildings, the proofs of loss shall state the value of the property. Indeed we do not understand that it is directly contended by counsel for plaintiffs that the insurable value of the building as stated in the policy is to be used as a basis for determining the amount of the recovery where the loss is clearly not total. The basis of the plaintiff's con-

---

[1] [Laws 1895, p. 402, c. 175, § 25.]

tention, and of the trial court's ruling, seems to be the rule announced in Ohage v. Union Ins. Co. supra, that where the loss is greater than the amount of total insurance, arbitration is not a condition precedent to recovery on the policy. But it is not said, either directly or by implication, in the Ohage case, that the insurable value stated in the policy is the basis for determining the amount of the loss, in case of a partial loss. It is said in that case that it was practically conceded that the loss was greater than the insurance, and therefore that a verdict was properly directed. The building insured in the Ohage case was totally destroyed except the foundation, and while not strictly speaking a total loss, yet it was total as far as the superstructure was concerned, and it was considered a useless thing to submit the amount of the damages to referees. In the present case, as we have said, it was seriously contended by the defendant, that the actual loss was considerably less than the insurance, and this it was not allowed to show. Had it appeared by the evidence here, or had it been conceded, that the actual loss was greater than the insurance, the rule of the Ohage case would apply. In Moore v. Sun Fire Office, supra, the complaint alleged a total loss, and also alleged the actual amount of the loss. The defendant denied both of these allegations, and denied all liability on the policy. It was held that the right of arbitration was waived, and also that, as it appeared conclusively that the amount of the loss exceeded the total amount of the insurance, therefore that no appraisal was required. That it was not held either in this case or the Ohage case that the insurable value controls in case of a partial loss is clearly apparent from the following language from the opinion, written by Mr. Justice Elliott:

"The statute provides for the recovery of the full amount of the valuation in case of total loss, and the amount of the damage in case of partial loss. In one case, the amount of recovery is determined by proof of the fact of the total destruction of the building, and in the other by proof of the actual amount of the damage."

To like effect is the language of Mr. Justice Lewis in North-

western Mut. Life Ins. Co. v. Rochester German Ins. Co. 85 Minn. 48, at p. 53, 88 N. W. 265.

"If the loss occasioned by the fire was total, the stipulated value put an end to any inquiry as to the amount of the loss. The provision was adopted for the purpose of avoiding the uncertainty of determining the value after the fire. For the same purpose, a speedy method by means of arbitration is provided for determining the amount of damage in cases where the loss is only partial."

Our conclusion is that it was error to direct a verdict for the full amount of the policy. The question of whether the loss was total or partial should have been submitted to the jury, with instructions to return a verdict for the full amount of the policy in case the loss was found to be total, but if the loss was found to be partial, and less in amount than the total insurance, to return a verdict for the defendant. If the actual loss, though partial, was found to be greater than the amount of the insurance, however, the plaintiffs would be entitled to a verdict for the full amount of the policy under the rule in the Ohage case.

In determining the actual amount of a partial loss, the insurable value as stated in the policy should not be used as a basis, but the question should be decided upon the evidence before the jury that tends to prove what is the amount of the actual loss and damage sustained by the insured from the fire, the actual value of the building at the time of the fire, cost of reconstruction, cost of removing the débris, amount of salvage, all being proper subjects of inquiry.

Though the ruling is not involved on this appeal, we have some doubt whether the trial court ruled correctly in excluding the ordinance relating to the duties of the building inspector and the order of that official requiring the plaintiffs to take down the walls of the insured building after the fire. This question should be carefully considered on a new trial, in the light of the decision in Larkin v. Glens Falls Ins. Co. 80 Minn. 527, 83 N. W. 409. We do not decide it here, the record being insufficient to enable us to do so; nor

do we intimate what our decision would be were the question before us.

Order reversed and new trial granted.