FIREMAN'S INS. CO. v. JESSE FRENCH PIANO & ORGAN CO. et al.   (No. 998.)

(Court of Civil Appeals of Texas. Amarillo. May 31, 1916. Rehearing Denied June 28, 1916.)

1. APPEAL AND ERROR ⚖=499(4) — RECORD — PRESENTATION OF GROUNDS OF REVIEW—INSTRUCTIONS.

Under the express provision of Vernon's Sayles' Ann. Civ. St. 1914, art. 1971, assignments of error in the court's charge could not be considered, where the record did not show either objection or exception in the court below.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2298; Dec. Dig. ⚖=499(4).]

2. APPEAL AND ERROR ⚖=692(3)—RECORD—EXCLUSION OF EVIDENCE.

In a suit upon a fire insurance policy covering a piano in the possession of a buyer from the plaintiff, an assignment of error in sustaining an objection to the testimony of plaintiff's manager and in refusing to permit defendant to show by him that the piano did not cost the plaintiff over $300, and that plaintiff's profit on it as a wholesale dealer was 40 per cent., could not be considered, where the bill of exceptions showed that the manager did not know what the plaintiff gave for the piano, and did not show that he could or would have stated the percentage of profit.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2908, 2909; Dec. Dig. ⚖= 692(3).]

3. INSURANCE ⚖=668(3)—QUESTION FOR COURT —CONSTRUCTION OF CONTRACT.

The construction of a written provision of a policy as to the extent of the insurer's liability was a question for the court, and not for the jury.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1734, 1755; Dec. Dig. ⚖=668(3).]

4. JUDGMENT ⚖=199(1) — SPECIAL VERDICT — STATUTE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1990, providing that where a special verdict is rendered the court, unless it be set aside and a new trial granted, shall render judgment thereon, the court could not enter judgment for defendant notwithstanding the jury's verdict for the plaintiff.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 367, 374, 375; Dec. Dig. ⚖= 199(1).]

5. INSURANCE ⚖=495(1)—AMOUNT OF RISK— "COINSURER"—STATUTE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4893, providing that no company may issue any policy covering property in the state containing any provision that the insured shall be liable as a coinsurer for any part of the loss or damage to the property by fire, a provision in

a fire insurance policy, covering a piano valued therein at $500, on which amount the company collected a premium, that in the event of loss or damage the company should not be liable for more than three-fourths of its cash value immediately preceding any loss or damage, and that in the event of other insurance it should be liable only for its proportion of three-fourths of such cash value at the time of the fire, in the absence of showing of concurrent insurance, was void, though there can be no "coinsurer" where the insured does not bear a proportion of the risk.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1270–1272; Dec. Dig. ⚖=495(1),

For other definitions, see Words and Phrases, Coinsurer.]

Error from Dallas County Court, at Law; W. F. Whitehurst, Judge.

Suit by the Jesse French Piano & Organ Company and another against the Fireman's Insurance Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Senter & Synnott, of Dallas, for plaintiff in error. Short & Feild, of Dallas, for defendants in error.

HALL, J. This suit is based upon a fire insurance policy covering a piano. Defendant in error Jesse French Piano & Organ Company instituted the suit, alleging, in substance, that it sold a player piano to W. S. Levan, who executed 40 notes in part payment therefor, aggregating $475, said notes being secured by a chattel mortgage on the piano; that Levan agreed to take out an insurance policy for $500, payable to defendant in error, as its interests should appear; that said policy was duly issued, and while the same was in force, and while Levan owed it more than $500, the piano was destroyed by fire. Notice was given to produce the policy. Levan was also made a party, but, being a nonresident, and not having been served in the state, defaulted. Plaintiff in error answered, setting up specially a provision of the policy, to the effect that in case of loss by fire the measure of the recovery should be three-fourths the actual value of the property destroyed, and that the property was worth only $300 at that time. It pleaded a further provision of the policy, to the effect that in case there should be additional insurance upon the property, the liability of the company should be limited to such an actual value of the property as the amount of its policy was of the total insurance; that there was other insurance to the amount of $800, aggregating $1,300 insurance, and therefore its liability, if anything, was only 5/13 of $300; that after the destruction of the piano it issued its draft, payable to the plaintiff and Levan, for $300; that plaintiff accepted and retained possession thereof, and was therefore estopped to claim more than said amount. By supplemental petition the defendant in error denied that it retained the $300 check; that it was estopped; that the piano was only

$300, but alleged that it was worth $500; and that the defendant insurance company, by issuing its check for $300, was estopped to claim that it was liable for less.

[1] The first three assignments complain of the court's charge, but since the record shows neither objection nor exceptions in the court below, we cannot, under article 1971, Vernon's Sayles' Civil Statutes, consider them.

[2] The fourth assignment is that the court erred in sustaining plaintiff's objection to the testimony of plaintiff's manager, Phelps, and in refusing to permit the defendant to show by Phelps, as it would have done, that the piano did not cost the plaintiff exceeding $300, and in refusing to permit the defendant to prove by Phelps that the profit of the plaintiff upon the piano, as a wholesale dealer, was 40 per cent. A bill of exception is reserved in the statement of facts, which shows that Phelps did not know what the plaintiff gave for the piano, nor is it shown that he could or would have stated that there was a profit to plaintiff in the sale of 40 per cent. So if this evidence could be held admissible, the condition of the record is not such that we can consider the assignment.

The finding of the jury that the check was not accepted in payment of the claim is sufficiently sustained by the evidence.

[3] It is insisted that the court erred in refusing to submit to the jury the question as to whether the policy sued on contained a provision making the defendant liable, if at all, only for a pro rata part of three-fourths of the cash value of the property destroyed, other insurance included. This being a question for the court, there was no error in refusing to submit to the jury. The contract of insurance was in writing, and the duty of construing it was not a proper matter for the jury.

[4] By the seventh assignment it is insisted that the court should have entered judgment for the defendant, notwithstanding the verdict of the jury. Such a proceeding is not permissible under the statute of this state. Vernon's Sayles' Civil Statutes, art. 1990.

[5] Appellant insurance company insists that in no event should judgment have been rendered for more than three-fourths of the established value of the piano at the time of its loss. This contention is based upon the following clause attached to the policy:

"Three-fourths value and other insurance clause. In consideration of the rate of premium at which this policy is written, it is a condition of this insurance that in event of loss or damage by fire to the property described herein, this company shall not be liable for an amount greater than three-fourths of the cash value of each item of the same—not exceeding the amount of said policy—at the time immediately preceding such loss or damage; and in the event of other insurance on the property described herein, then this company shall be liable only for its proportion of three-fourths of such cash value at the time of the fire. Other concurrent insurance permitted but total insurance shall, at no time exceed three-fourths of the cash value of each item of the property described therein."

In the policy the piano is valued at $500. The evidence shows $500 to have been its value at the time of the fire, since it had been in use only about 30 days. The appellant company collected a premium upon it, based upon such value. Five hundred dollars is also shown by the record to have been the price at which the instrument was sold to Levan. It therefore appears that appellant has collected a premium based upon the valuation of $500, the price paid by the purchaser for the instrument, and under the clause above quoted is seeking to avoid liability to the extent of one-fourth of the amount upon which it has collected its premium. The record does not show any concurrent insurance. To sustain this contention would be to make the owner of the instrument a coinsurer to the extent of one-fourth of its value after having paid a premium upon its full value to the appellant. If, for any reason, appellant did not think it advisable to insure the instrument for its full value, and did not intend to become liable for more than three-fourths of its value in the event of loss, the premium should have been collected upon only such three-fourths' value. Article 4893, Vernon's Sayles' Civil Statutes, was enacted to meet this condition. This article provides that no company subject to the provision of this act may issue any policy or contract of insurance covering property in this state which shall contain any clause or provision in any way providing that the assured shall be liable as coinsurer with the company issuing the policy for any part of the loss or damage which may be caused by fire to the property described in such policy, and any such clause or provision shall be void and of no effect. It is provided, however, by the article that coinsurance clauses may be inserted in policies covering cotton, grain, or other products in process of marketing, shipping, and storing or manufacturing. There can be no coinsurance where the insured does not bear a proportion of the risk. Oppenhein v. Firemen's Fund Insurance Co., 119 Minn. 417, 138 N. W. 777.

Finding no reversible error, the judgment is affirmed.