PEDRO CLAUSELLS, Plaintiff and Appellee, *v.* COMMERCIAL UNION ASSURANCE COMPANY, Defendant and Appellant.

No. 3948. Argued November 30, 1926.—Decided July 12, 1927.

*J. H. Brown* and *Clemente Ruiz Nazario* for the appellant. *José Tous Soto* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This case involves the right of a fire insurance company to put into force in Porto Rico what is known as the co-insurance clause. By such clause an insurance company limits or seeks to limit its liability in case of partial loss. Sometimes the insurance company refuses to assume a full liability for a loss by fire unless the property is insured for 75 or 80 per cent of its value; sometimes, as in the policy before us, the clause in question requires the property holder

to keep the property fully insured. Under said clause the policy holder in effect would become an insurer jointly with the insurance company. The liability of the insurance company would then be limited to the same *pro rata* amount that it would have to pay if the total insurance were divided among other insurance companies. In this case the property was worth $4,000, it was insured for $2,000, the loss was $1,552, and the defendant company sought to limit its liability to one-half of that amount, or $776. The District Court of Ponce rendered judgment for the plaintiff in the sum of $1,552.

On appeal the defendant insurance company is essentially insisting that section 16 of the policy must be given effect. It is as follows:

"When at the time of a loss or damage the property insured by this policy, taken as a whole, may have a total value in excess of the amount for which the same may have been insured, the insured shall be considered as his own insurer on the excess and shall, therefore, sustain his proportional share of the damage or loss. When the policy may cover several items, this stipulation shall apply to each of them separately."

In the absence of some principle of constitutional or statutory law of public policy, or the like, parties may make any contract that they choose. Sections 4, 1058 and 1222 of the Civil Code; *J. Casablanca et al.* v. *Palatine Insurance Co., Ltd.*, 32 P.R.R. 622; *Simon* v. *Queen Insurance Co.*, 120 La. 470, *infra*.

The appellee attacks the clause of the contract on principles of public policy, morality, and insists besides that the said clause is in conflict with section 175 of the Insurance Law. This is probably the principal matter relied upon by the court below and the appellee. The latter also maintains that there are inconsistent provisions in the insurance policy and that effect should be given to the written portion rather than the printed portion of the said policy.

Probably the best answer to any question of morals or

public policy is a resort to the authorities. These hold that in the absence of any statute to the contrary contracts limiting liability in the manner attempted may be freely made. *Pennsylvania Fire Insurance Company* v. *Moore,* (Tex.) 51 S. W. 878; *Wolf et al.* v. *Hartford Fire Insurance Co.,* (Mo.) 269 S. W. 701; *Christian et al.* v. *Niagara Fire Insurance Co.,* (Ala.) 14 So. 374; *Simon* v. *Queen Insurance Co.,* 45 So. 396, 120 La. 477, 14 Ann. Cas. 847; 26 C. J. 357, notes 48, 49 and 50; 14 R.C.L. 1309, par. 482.

In the *Texas Case, supra,* the court said, quoting from the *Alabama Case, supra:* " 'We do not concur in the proposition that the clause is unreasonable and unjust and for this reason ought not to be sustained.' " Then the court later on said: "We know of no rule of public policy which prohibits an insurance company from limiting the risk it will carry. Its premiums, in great part, are regulated by the amount of the risk." The court likewise traces the history of these clauses to show that they were frequently used in marine insurance policies.

In the *Missouri Case, supra,* the court pointed out that such clauses were valid, as they were always tolerated at common law.

Texas and New York, for example, have now statutes prohibiting the use of co-insurance clauses. Such statutes are the exceptions which point the rule, as will be illustrated by an inspection of some of the cases decided in Texas and New York. *Milwaukee Mechanics' Ins. Co.* v. *West Developing Co. et al.,* (Tex.) 275 S. W. 203; *Firemen's Ins. Co.* v. *Jesse French Piano & Organ Co.,* (Tex. Civ. App.) 187 S. W. 691; *Commercial Union Assurance Co., Ltd.,* v. *Preston,* 238 S. W. 326; *Durham* v. *Stuyvesant Insurance Co.,* 112 Misc. (N. Y.), 440. These cases all make it clear that the only reason for denying the effect to a co-insurance clause was the existence of a statute directly prohibiting its employment.

The appellee relies on section 175 of the Insurance Law. It is as follows:

"Any clause in an insurance contract depriving the insured of his right to claim in the courts of justice, at any time after the occurrence of the accident against which the insurance was made, the amount of any loss suffered and which has been the object of such insurance, shall be illegal. The court shall determine not only the liability of the company but also the amount of the loss."

This section is plainly one which prohibits any company from putting any clause into its policy that would prevent a resort to the courts, or in any way delay them. Section 175 can not and does not prevent an insurance company from limiting its liability. In *Dragoni* v. *United States Fire Insurance Co.*, 36 P.R.R. 425, the said section 175 was invoked to the effect that the insurance company might not require proofs of loss. We held otherwise and said that the limitation did not apply to the remedy, but prevented any limitation on the right to file suit. It is even more apparent that a clause which prevents insurance companies from limiting the right to bring suits in courts has no application to the contract itself. The effect of the co-insurance clause is simply to say on the part of the company: If you insure to the full amount we will pay you, in case of loss, the full amount of the loss; if you insure for half we will pay you fifty cents for each dollar of insurance carried. This is a contract which the parties have a right to make. Moreover, the statute says "which has been the object of such insurance." "The object of such insurance" is necessarily the contract made between the parties.

We are not sure that we fully follow the appellee when he contends that there is a conflict between the different clauses of the policy. We find an entire harmony in them. The company agreed to pay in case of loss, with appropriate words, but always subject to the conditions of the policy, and section 16 was plainly printed in the policy. The case presents no greater difficulty than one which limits the amount of gasoline, or any other limitation placed upon a person insured by the terms of a written policy.

The judgment should be reversed and one rendered for the sum of $776, without costs.

Mr. Justice Hutchison took no part in the decision of this case.