JOHN F. KELLY and Another v. LIVERPOOL & LONDON & GLOBE INSURANCE COMPANY.[1]

January 27, 1905.

Nos. 14,120—(178).

**Fire Insurance—Arbitration—Pleading.**

The arbitration provided for by the Minnesota standard form of insurance policy in case the parties are unable to agree as to the amount of the loss thereunder is not a condition precedent to the right of action on the policy, unless a controversy between the parties as to the amount of the loss in fact exists; and it is unnecessary, in the absence of a controversy on that subject, to allege in the complaint in an action upon such a policy that an arbitration was or was not had, or was waived by the insurance company.

Action in the district court for Scott county to reform a policy of insurance issued by defendant company to plaintiffs' assignor, and to recover $1,500 thereon. From an order, Cadwell, J., overruling a general demurrer to the complaint, defendant appealed. Affirmed.

*M. H. Boutelle,* for appellant.

A bill or complaint, which asks the rectification of a mistake in a written contract and the enforcement of the instrument as reformed,

[1] Reported in 102 N. W. 380.

states but one cause of action even though the enforcement of the contract involves matters purely cognizable in a court of law.   18 Enc. Pl. & Pr. 793; Pomeroy, Code Rem. (3d Ed.) § 459; Bliss, Code Pl. (3d Ed.) §§ 114–115; North v. Bradway, 9 Minn. 169 (183); Ham v. Johnson, 51 Minn. 105; Gooding v. McAlister, 9 How. Pr. 123.

The complaint fails to state facts sufficient to constitute a cause of action for reformation.   The matter in which reformation is sought must appear to be material.   6 Wait, Pr. 169; 18 Enc. Pl. & Pr. 818; 24 Am. & Eng. Enc. (2d Ed.) 657.

The complaint does not state facts sufficient to constitute a cause of action for recovery.   If arbitration be held a condition precedent, the general allegation of the complaint that the insured had duly performed each and every condition to be by them performed under the terms of the policy is insufficient to show a compliance with the condition or a waiver thereof.   Mosness v. German American Ins. Co., 50 Minn. 341, 346.   The standard form of policy makes no provision in the statement of loss required by its terms for the amount of loss or damage claimed by the assured.   De Raiche v. Liverpool & L. & G. Ins. Co., 83 Minn. 398.

Arbitration is a condition precedent to recovery on a standard insurance policy.   Schrepfer v. Rockford Ins. Co., 77 Minn. 291; Lamson v. Prudential, 171 Mass. 433; Flaherty v. Germania, 1 Weekly Notes Cas. (Pa.) 352; Reed v. Washington, 138 Mass. 572; Trott v. City Insurance Co., 1 Clif. (U. S.) 441; Levine v. Lancashire Ins. Co., 66 Minn. 138, 148; Carroll v. Girard, 72 Cal. 297; Adams v. South British, 70 Cal. 198; Fisher v. Merchants, 95 Me. 486; Westenhaver v. German-American, 113 Iowa, 726; Gasser v. Sun Fire Office, 42 Minn. 315.

If, upon consideration of the conflicting rulings, the court shall be of the opinion that arbitration is not a condition precedent, except upon the condition of a disagreement, the complaint in the case at bar is still defective.   The allegation that said plaintiffs have duly demanded that said defendant pay them the sum of $1,500 for and on account of said loss and that said defendant has failed, neglected and refused to pay the same or any part thereof is clearly equivalent to an allegation of disagreement, in the absence of any qualifying statement that such refusal

was based on a disclaimer of liability, in which latter respect the complaint is wholly silent.

*Harris Richardson,* for respondents.

Arbitration is not necessarily a condition precedent to an action upon an insurance policy in Minnesota.   A disagreement upon the amount of the loss must first arise.   Fletcher v. German-American Ins. Co., 79 Minn. 337.   It is only the question as to the amount of the loss that is to be referred to the arbitrators.   The complaint alleges that the policy was for $1,500.   The complaint alleges that the property covered by the policy was totally destroyed; that it was worth $14,000, and that the amount of the loss was $14,000.   The demurrer admits these facts. Thus it appears conclusively that even now there is no disagreement as to the amount of the loss.   Arbitration in such a case is not required.   Ohage v. Union Ins. Co., 82 Minn. 426.

As plaintiff did not plead a disagreement it will be necessary for the defendant first to plead that a disagreement arose between it and the insured as to the amount of the loss, without regard to what other disagreement may have arisen between them, before the claim can be made that the action was prematurely brought for want of arbitration.   Until that occurs, the insured has nothing to arbitrate.   If the insurer wishes to take advantage of the arbitration clause it must request arbitration.   Sun v. Crist (Ky.) 39 S. W. 837; Davis v. Atlas, 16 Wash. 232; Kahnweiler v. Phenix Ins. Co., 67 Fed. 483; Phœnix v. Badger, 53 Wis. 283; Nurney v. Firemans, 63 Mich. 633; Wright v. Susquehanna, 110 Pa. St. 29; Wallace v. German-American Ins. Co., 41 Fed. 742; National v. Dwelling, 106 Mich. 236; Vangindertaelen v. Phenix, 82 Wis. 112; Grand Rapids v. Finn, 60 Oh. St. 513; Farnum v. Phenix, 83 Cal. 246.

BROWN, J.

Action to reform and recover upon a policy of fire insurance.   Defendant interposed a general demurrer to the complaint, which was overruled by the trial court, and this appeal was taken.

The complaint sets out that on April 9, 1903, the defendant issued to one C. H. Grafenstadt a certain policy of fire insurance, for the sum of

$1,500, upon his stock of goods and merchandise, consisting of dry goods, groceries, boots and shoes, etc.; that on October 11, 1903, the property, which is alleged to have been worth the sum of $14,000, was totally destroyed by fire; that thereafter, on October 13, Grafenstadt assigned the policy of insurance to the plaintiffs in this action, who are now the owners thereof. It further alleges that, by the contract entered into at the time the policy was issued, it was understood and agreed between the parties that Grafenstadt might place other insurance upon the same property, and that, by the mutual mistake of the parties, this understanding was not incorporated in the written policy. The relief demanded is that the policy be reformed and corrected, and made to conform to the agreement made at the time the contract was entered into, and that plaintiffs recover thereon the sum of $1,500, with interest—the amount of loss suffered.

It is urged by defendant that the complaint fails to state a cause of action, for two reasons: (1) That it does not allege that an arbitration between the parties has ever been had respecting the amount of the loss, as provided by the policy, or that an arbitration was waived by defendant; and (2) that it states no facts showing a necessity for a reformation of the policy.

1. The complaint states but one cause of action, and that to recover upon the policy, but, to entitle them to so recover, they seek to have the policy corrected and made to conform to the contract actually entered into between the parties. While it is true that the complaint discloses no particular necessity for correcting the policy, it might become necessary that it be reformed, depending upon the defense interposed by defendant. The policy, as written, provides that it shall be void if the insured had at the time it was issued, or should at any time thereafter procure, any other contract of insurance upon the same property without the consent of the company. The property covered by the policy is alleged to have been of the value of $14,000, and it is fair to assume that the owner did procure other insurance thereon. If the policy should not be corrected and made to conform to the contract actually entered into, the defense that other insurance was subsequently placed on the same property would be fatal to plaintiffs' right of recovery. No objection occurs to us why they may not anticipate that defense. Of course, if it is not made, there would be no occa-

sion for the reformation or correction of the policy, and the court would not permit a waste of its time by a trial of the question.

2. The policy provides that:

> In case of loss, except of total loss on buildings, under the policy and a failure of the parties to agree as to the amount of loss, it is mutually agreed that the amount of such loss shall be referred to three disinterested men, the company and the insured each choosing one out of three persons, to be named by the other, and the third being selected by the two so chosen.

It is insisted by appellant that an arbitration of the amount of the loss is a condition precedent to the right of action on the policy, and that the complaint is defective, in that it contains no allegations showing that an arbitration was had, or that it was waived by defendant.

We do not concur in this contention. The question whether this condition of the policy renders an arbitration in case of loss a condition precedent to the right of recovery has been before the court in several actions, and by the later decisions it has been held that the provision for arbitration is not a condition precedent unless a controversy in fact exists between the parties as to the amount of the loss. In the case of Gasser v. Sun Fire Office, 42 Minn. 315, 44 N. W. 252, and also in Mosness v. German-American Ins. Co., 50 Minn. 341, 52 N. W. 932, it was, in substance, said that the provision of the policy referred to was a condition precedent to the right of action thereon. But in both those cases it affirmatively appeared that a controversy in fact existed between the parties as to the amount of the loss. In the case of Fletcher v. German-American Ins. Co., 79 Minn. 337, 82 N. W. 647, it was held that the arbitration provided for by the terms of the policy is not a condition precedent to the right of action upon the policy unless the parties actually disagree as to the amount of the loss. Until there is some controversy between them on that subject, there is no occasion for arbitration—there is nothing to arbitrate. The same was, in effect, also held in Ohage v. Union Ins. Co., 82 Minn. 426, 85 N. W. 212.

The question in the case at bar is one of pleading, and our attention has not been called to any case in this court directly bearing upon it. We think it should be answered adversely to defendant's contention. The right of arbitration provided for by the terms of the policy was

94 M.—10

intended for the benefit of both parties, and either may insist upon it if a dispute exists between them as to the amount of the loss. If there is in fact a controversy on that subject, and an arbitration is not had or waived by the insurance company, no recovery upon the policy can be had by the insured. Prima facie, however, the insured is entitled to recover the face value of his policy, and he may frame his complaint accordingly. If a controversy in fact exists as to the amount of the loss, the company may plead in its answer the failure to arbitrate the question, and thus defeat the action. The question whether a pleading should cover this particular feature in a case of this kind was presented in Davis v. Atlas, 16 Wash. 232, 47 Pac. 436, where it was held that it was unnecessary that the plaintiff expressly allege that an arbitration was or was not had, or was waived. See also Kahnweiler v. Phenix Ins. Co., 67 Fed. 483, 14 C. C. A. 485.

Order affirmed.