SOUTHERN HOME INSURANCE COMPANY, A CORPORATION, *Plaintiff in Error,* v. THOMAS J. FAULKNER AND WIFE, JULIA A. FAULKNER, *Defendants in Error.*

FIRE INSURANCE—COVENANTS FOR ARBITRATION OF AMOUNT OF LOSS —WHEN CONDITION PRECEDENT TO RIGHT TO SUE.

Covenants in fire insurance policies for appraisal by arbitrators of the amount of the loss are valid and binding upon the parties; and when such policies further provide that the sum for which the insurer is liable shall not become payable until sixty days after an award by such arbitrators has been received by the insurer, when an appraisal has been required, or that no suit upon the policy shall be sustainable until after full compliance by the insured with all of such requirements, then such arbitration and award are conditions precedent to the right of the insured to an action upon such policy, where the insurer has demanded such arbitration and award.

This case was decided by Division B.

Writ of Error to the Circuit Court for Taylor County.

The facts in the case are stated in the opinion of the court.

*Cockrell & Cockrell* and *L. W. Blanton*, for Plaintiff in Error;

*H. J. McCall*, for Defendants in Error.

TAYLOR, J.—The defendants in error as plaintiffs below sued the plaintiff in error as defendant below in the Circuit Court for Taylor County upon a fire insurance policy, which policy was attached to and made a part of the declaration by apt words.

The defendant company filed two pleas, the first of which was as follows:

"The defendant by its attorney for plea to the declaration styled 'Action on contract, Damages $1000.' says that prior to the institution of said action and after said fire there was a disagreement as to the amount of the loss, the same being a partial loss, the plaintiff was duly informed thereof by the defendant, and the defendant demanded in writing of the plaintiff an appraisal, but the plaintiff did not consent to any appraisal."

Issue was joined on this as well as the other plea filed by the defendant and the trial was had thereon, resulting in a verdict and judgment for the plaintiffs below, to review which judgment the defendant below brings the case here by writ of error.

At the close of all the evidence at the trial the defendant requested the court to instruct the jury affirma-

tively to find for the defendant, but this the court refused to do and such ruling is assigned as error.

This ruling was error. The policy sued upon contains the following provisions among others:

"This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value with proper deduction for depreciation however caused * * * said ascertainment or estimate shall be made by the insured and this company, or, if they differ, then by appraisers, as hereinafter provided; and the amount of loss or damage having been thus determined, the sum for which this company is liable pursuant to this policy shall be payable sixty days after due notice, ascertainment, estimate and satisfactory proof of the loss has been received by this company * * * In the event of disagreement as to the amount of loss the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the assured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss; * * * the loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required * * * No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements."

In the case of Hanover Fire Insurance Co. v. B. C. Lewis & Sons, 28 Fla. 209, 10 South. Rep. 297, it was held that these covenants for arbitration or appraisal of the extent of the loss in fire insurance policies were valid and binding on the parties to such contracts.

In Chapman v. Rockford Ins. Co., 89 Wis. 572, 62 N. W. Rep. 422, 28 L. R. A. 405, it is held that an appraisal or award on the question of the amount of loss or damage is made a condition precedent to suit upon a policy which provides that the loss shall not become due and payable until sixty days after an award by appraisers, when an appraisal is required. In Elliott v. The Royal Exchange Assurance Co., L. R. 2 Exchr. Cases, 237, it was held that such covenants in policies were covenants to pay the loss as adjusted in the agreed way, and that in the absence of such adjustment the plaintiff had no cause of action. In Hamilton v. Home Ins. Co. of N. Y. 137 U. S. 370, (34 L. Ed.) 708, it was held that, if a contract of insurance provides that no action upon it shall be maintained until after an award by arbitrators is made as to the amount due upon it, the award is a condition precedent to a right of action on the contract.

To the same effect are the cases of Tredwen v. Holman, 1 Hurlst. & Colt. (Exchr.) 72; Carroll v. Girard Fire Ins. Co., 72 Cal. 297, 13 Pac. Rep. 863; Old Saucelito Land & Dry Dock Co. v. Commercial Union Assur. Co., 66 Cal. 253, 5 Pac. Rep. 232; Holmes v. Richet, 56 Cal. 307; Gauche v. London & Lancashire Ins. Co., 10 Fed. Rep. 347.

Under these and the great weight of authority, both in this country and in England, such arbitration covenants in policies of fire insurance are valid and binding upon the parties; and where such policies, as does the one here, provide that the sum for which the insurer is

liable shall not become payable until sixty days after an award by such arbitrators has been received by the insurer, when an appraisal has been required, or that no suit upon the policy shall be sustainable until after full compliance by the insured with all of such requirements, then such arbitration and award are conditions precedent to the right of the insured to an action upon such policy, where the insurer requires such arbitration and award.

It was proven at the trial, without contradiction, that the defendant company made prompt demand upon the plaintiffs that the amount of the loss should be submitted to appraisers in compliance with the terms of the policy, but the plaintiffs declined without any valid reason to submit to such arbitration as demanded. Under these circumstances such arbitration and award as to the amount of the loss was a condition precedent to the right of the plaintiffs to maintain any action upon such policy and under the circumstances they had no right to any recovery in this suit. The court should have given the instruction as required, peremptorily requiring the jury to find for the defendant.

The judgment of the Circuit Court in said cause is hereby reversed at the cost of the defendants in error.

HOCKER and PARKHILL, JJ., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCK- RELL, JJ., concur in the opinion.