## JOHN L. CASH v. CONCORDIA FIRE INSURANCE COMPANY OF MILWAUKEE.[1]

May 27, 1910.

Nos. 16,568—(113).

**Insurance — waiver of arbitration clause — evidence of insurable interest.**
    Action to recover for a loss upon a fire insurance policy. Verdict for the plaintiff. *Held:*
    1. Complaint states a cause of action. An admission in the answer that the defendant executed the policy imports its delivery.

[1] Reported in 126 N. W. 524.

---

[Note]   On question of arbitration as condition precedent to action on insurance policy, including waiver thereof, see note to Graham v. German American Ins. Co. (Ohio) 15 L. R. A. (N. S.) 1055.

2. An unqualified denial of liability by the defendant upon receipt of proofs of loss was a waiver of the arbitration clause of the policy. Delay in furnishing proof of loss does not affect the right of action on the policy.

3. The issuance of a policy to the insured upon the property therein described is prima facie evidence that he had, at the date of the delivery thereof, an insurable interest therein. Proofs of loss, however, are not evidence for the insured, to show that he had an insurable interest in the property at the time of the loss, but are evidence, if sufficient in form and substance, to show compliance with the clause of the policy requiring such proofs.

4. Evidence was sufficient to support a finding by the jury that the plaintiff had an insurable interest in the property at the time of its loss by fire, and a verdict for the plaintiff for the amount claimed.

5. The trial judge made no reversible errors in its ruling upon the admission of evidence or in its charge to the jury.

Action in the municipal court of St. Paul to recover $500 on a fire insurance policy. The substance of the pleadings is given in the opinion. The case was tried before Hanft, J., and a jury which returned a verdict in favor of plaintiff for the sum demanded. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

*William Furst,* for appellant.

*Percy D. Godfrey,* for respondent.

START, C. J.

This action was brought in the municipal court of the city of St. Paul by the assured on a fire insurance policy issued on November 27, 1908, by the defendant to the plaintiff indemnifying him in the sum of $500 against loss by fire of the personal property therein described.

The here material allegations of the complaint are to the effect following: The John B. Lee Company was, at all times stated in the complaint, the agent and adjuster of the defendant with authority to act for it in the matter of the loss herein referred to. On or about the twenty-seventh day of November, 1908, the plaintiff was the owner of personal property, consisting of a combination sleeping

and dining car including equipment, bedding, cooking utensils, and all interior furnishings known as "Cash Carnival Company's Car," and named and known as "Mamie." He was the owner of such property on and about the eighth day of January, 1909, which was of the value of $3,000. On the first-named day, at St. Paul, Minnesota, the defendant company duly issued its policy and contract for indemnity against loss and damage by fire to the personal property of the plaintiff hereinbefore described for the period of one year from and after such date in the sum of $500. The policy was in the usual form, with the usual provisions of the Minnesota standard policy, and a memorandum allowing other concurrent insurance thereon, and states the insurable value of the car to be $1,500. On the eighth day of January, 1909, and while such policy was in full force and effect, the property hereinbefore described was greatly damaged and nearly destroyed by fire without fault of the assured, and he suffered loss and damage in the sum of $1,500. Thereafter the assured, the plaintiff, duly made and delivered to the defendant written sworn proofs of loss and statement of claim, as required by the policy. The defendant denied liability under the policy, and the plaintiff did and performed all on his part to be done and performed by him in the premises, and the defendant company waived its right to an appraisal. More than sixty days have now elapsed since such sworn statement of loss was rendered to the defendant. There is now justly due and owing to this plaintiff from this defendant the sum of $500, payment of which has been duly demanded, but no part of it has been paid.

The answer, as amended, denied the allegations of the complaint, except as admitted. It admitted that the defendant was a corporation, that John B. Lee Company was its duly authorized agent and adjuster, and that it executed the policy mentioned in the complaint, and alleged that at the time the policy was obtained, and at all times thereafter, "the plaintiff * * * was not the owner of the property insured," had no insurable interest therein, and never has had. The reply put in issue the allegations of the answer.

The issues were submitted to a jury, and a verdict returned for

the plaintiff for $500, and the defendant appealed from an order denying a motion for a new trial.

1. The defendant's first contention is that there was no proof that the policy was ever delivered. It is immaterial whether the evidence was sufficient to show such delivery; for the answer expressly admitted the execution of the policy and affirmatively alleged that at the time it was obtained the plaintiff was not the owner of the property and had no insurable interest therein. The trial court instructed the jury that it was admitted that the policy was issued by the defendant, to which instruction no exception was taken. The court correctly construed the admission in the answer, for the execution of a written instrument ordinarily includes its delivery. State v. Young, 23 Minn. 551; Schwab v. Rigby, 38 Minn. 395, 38 N. W. 101.

2. The defendant's next claim is that the plaintiff failed to comply with the conditions precedent to his right to bring suit, in that there was no compliance with the arbitration clause of the policy as to the amount of the loss, and that the proofs of loss were not furnished in time. What purported to be proof of loss was made January 21, 1909, by plaintiff's attorney and assignee of the policy, and claim for loss thereunder by virtue of an assignment to him after the loss. On May 14, 1909, the policy and claim for loss were reassigned to the plaintiff by his attorney. On May 25, 1909, formal proof of loss was made by the plaintiff, and sent to and received by the defendant. Thereupon, and on the eighth of June following the receipt of such proof, the defendant, by its agent and adjuster, wrote to the plaintiff's attorney as follows: "For your information we beg to advise you that we have denied liability for any loss or damage sustained to the property covered by the Concordia and Des Moines Fire Insurance Companies, wherein J. L. Cash is named as the assured; this action being taken in response to certain papers originating in your office and purporting to be sworn statement in proof of loss by J. L. Cash."

This was not a failure to agree as to the amount of the loss, but an unequivocal denial of all liability, leaving no basis for an arbitration; hence it was a waiver of any right to an arbitration. Kelly

v. Liverpool & L. & G. Ins. Co., 94 Minn. 141, 102 N. W. 380, 110 Am. St. 351. The delay on the part of the plaintiff in furnishing proof of loss does not affect his right of action on the policy. Mason v. St. Paul F. & M. Ins. Co., 82 Minn. 336, 85 N. W. 13, 83 Am. St. 433.

3. It is also urged that the complaint does not state a cause of action, for the reason that it alleges the existence of two insurance policies, aggregating $1,500; that the property was nearly destroyed and greatly damaged by fire, whereby the plaintiff suffered loss and damage in that sum; and, further, that this is absolutely fatal, without a more definite allegation as to each company. We discover no allegations in the complaint as to the issuance of two policies, and, if there were, the complaint would allege a cause of action against the defendant. If the defendant deemed the allegations of the complaint indefinite, its remedy was by motion. It does not appear from the record, as the defendant suggests, that the action was prematurely brought. The only basis for the claim is the date of the complaint, which is not necessarily the date of the commencement of the action.

4. The defendant makes the further claim that there was no evidence sufficient to justify the jury in finding that the plaintiff was the owner or had any insurable interest in the property at the time it was destroyed or damaged by fire. This is the most serious question raised by the assignments of error. The answer affirmatively alleged this defense. The trial court, in submitting this issue, instructed the jury in these words: "(The policy on its face showing the issuance of the same to J. L. Cash, the plaintiff, under the evidence the insurance company cannot escape liability upon the ground that J. L. Cash was not the owner of the car at the time of the issuance of the policy.) But it is incumbent upon plaintiff, by a fair preponderance of the evidence, before he can recover, to establish to your satisfaction that he was, at the time of the fire and when this action was commenced, either the true owner of said car or had an insurable interest therein. If this is not established to your satisfaction, he cannot recover." The giving of the part of the instruction which we have inclosed in parentheses is assigned as error.

We are of the opinion that the instruction, taken as a whole, was

correct.  The rule is well settled that the issuance of a policy to the insured upon the property therein described is prima facie evidence that he had at the date of delivery thereof an insurable interest in the property.  Proofs of loss, however, are not evidence for the insured to show that he was the owner or had an insurable interest in the property at the time of the loss, but are evidence, if sufficient in form and substance, to show compliance with the provision of the policy requiring such proofs.

We have attentively considered the evidence, and have reached the conclusion that it is sufficient, within the rule applicable to a finding by the jury after approval by the trial judge, to sustain the verdict of the jury on the issue.  We also find the evidence sufficient to support the verdict as to the loss and the amount thereof.

A number of errors are assigned as to the rulings of the trial court on the admission of evidence.  Those of them not urged in brief of counsel are waived.  We find no reversible error in those which are urged in the brief.

Order affirmed.