New Amsterdam Casualty Co. v. J. H. Blackshear, Inc.

156 So. 695.
Opinion Filed April 27, 1934.
Petition for Rehearing Granted June 20, 1934.
Opinion on Rehearing Filed Sept. 28, 1934.

*Claibournè M. Phipps,* for Plaintiff in Error;

*Henry L. Williford* and *James E. Kirk,* for Defendant in Error.

Per Curiam.—An insurance policy contained the following provision: "Condition J.: In case of a disagreement

as respects loss under Insuring Agreement (3) such loss shall, upon written demand of either party hereto, be determined by two appraisers, one to be appointed by each party. If these two appraisers cannot agree, they may select a third and the award in writing of any two appraisers shall determine the nature and extent of the loss. Each appraiser shall be paid by the party appointing him, but the other expenses of the appraisal and of the third appraiser, if any, shall be paid equally by the parties."

In a suit on the policy the defendant insuror filed a plea in abatement to the declaration to which plea the court sustained a demurrer. The plea was in substance as follows:

"That it is provided in and by said policy, among other things, to-wit:

" 'CONDITION J: In case of a disagreement as respects loss under Insuring Agreement (3) such loss shall, upon written demand of either party hereto, be determined by two appraisers, one to be appointed by each party. If these two appraisers cannot agree, they may select a third and the award in writing of any two appraisers shall determine the nature and extent of the loss. Each appraiser shall be paid by the party appointing him, but the other expenses of the appraisal and of the third appraiser, if any, shall be paid equally by the parties.' that after the occurrence of the supposed loss to plaintiff a disagreement arose as respects the loss under the insurance agreement and this defendant, prior to the institution of suit, made written demand that the said loss be determined by appraisers in accordance with said Condition J but that said plaintiff failed and refused to agree thereto and that the amount of such loss was not prior to the institution of suit and has not been determined in accordance with the terms of said policy."

Covenants in policies of insurance which provide for

appraisal by arbitrators of the amount of any loss claimed by an insured, are valid and are binding upon the parties if they are appropriately invoked. Appraisals, as provided for in such covenants, are conditions precedent to the right of the insured to maintain an action on the policy. Southern Home Ins. Co. v. Faulkner, 57 Fla. 194, 49 Sou. Rep. 542, 131 Am. St. Rep. 1098.

The object of an appraisal clause like that above quoted is to fix by the contract of insurance itself, a certain mode by which the amount of any claim required to be paid shall be ascertained. And the insured cannot compel payments of any amount claimed as a loss under the policy unless he shall procure the particular kind of evidence required by the contract when applicable, or show that by time or accident he is unable to do so. North British & Merchantile Ins. Co. v. Robinett & Green, 112 Va. 754, 72 S. E. Rep. 668; Duval County v. Charleston Engineering & Contracting Co., 101 Fla. 341, 134 Sou. Rep. 509.

But to entitle the insurer to the benefit of such an appraisal clause as that involved in this case, the clause must have been invoked in good faith by the insurer. And since the object of the appraisal clause is merely to fix the amount of recoverable damage, it follows that unless liability under the policy for some recoverable amount is affirmatively admitted by the insurer when appraisal is demanded, a refusal of the insured to submit to an appraisal would not be unjustified, since the law does not require the insured to submit to a purely speculative appraisal of damages as to which it may be contended no liability at all exists.

In this case the plea in abatement failed to aver all the essentials required for the setting up of a good plea under Condition J of the policy sued on, because the plea did not sufficiently and definitely show that insurer had invoked

the condition as a means of determining a disagreement with insured as to the mere amount of a loss. The plea being susceptible of construction to the effect that the condition was attempted to be invoked to determine not only the amount, but the liability as well, it was not sufficient to establish that insured's refusal to have appraisers was in violation of the policy, therefore the plea was bad on that score.

Other assigned errors have been considered by the Court, but are not sustained as being of such prejudicial nature as to warrant reversal. The evidence clearly showed liability. And the amount of the recovery being the sum of $370.20 as against a claim of $495.20 occasioned by collision, is supported by ample proof and is not unreasonable nor outside the scope of what is recoverable under the policy.

After the appeal was lodged in this Court counsel for the defendant in error filed a petition here for allowance of an additional attorney's fee for services required to be rendered in this Court on this appeal. It appears that the recovery of $150.00 attorney's fees already allowed in the Court below with respect to this suit, is ample compensation for the enforcement of the claim which has resulted in a judgment of the amount here involved, even if additional attorney's fees in this Court can be allowed at all. The petition for additional fees is therefore denied, and the judgment is affirmed.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

ELLIS and BROWN, J. J., dissent.

ELLIS, J. (dissenting).—I think the plea is good. Clauses in insurance policies like that set out in this plea are not

intended to oust the Court of jurisdiction either on the question of liability or amount of damages. In the last analysis such clauses are an agreement between the parties that the insured shall procure a certain kind of evidence, which although not binding on the court as to the amount of damages to be assessed yet may constitute evidence as to such amount.

Compliance with the condition is precedent to the right to bring an action. I do not agree that the plea bore upon its face evidence of bad faith. Nor was it necessary to admit liability.

BROWN, J. (dissenting). — I concur with Mr. Justice ELLIS's dissent. Under the language of the policy, which was binding on both parties, the plea in abatement was, in my opinion, good, and that the action of the trial court in sustaining demurrer thereto constituted reversible error.

## ON REHEARING.

PER CURIAM.—The application for rehearing in this case was granted solely for the purpose of reconsidering the question as to whether or not the court below erred in denying the motion for new trial, particularly with reference to the seventeenth ground thereof, which reads as follows: "The court erred in refusing to permit the witness, Jungmeyer, to testify as to the amount which he paid or allowed the plaintiff for the automobile involved in the suit before repairs were made."

The declaration is in rather general terms as to the nature of the loss or damages claimed, but the bill of particulars claims damages for "costs of repair and replacement of parts," etc., itemizing the same, in the total sum of $495.20. This claim, unless it exceeds the cash value of the automobile before the accident, appears to have come within the

terms of the policy, which limited the liability of the company, as respects the automobile, "to the actual cash value of the property damaged or destroyed at the time of the collision or upset, *or the cost of its suitable repair or replacement."* The plaintiff having elected to sue for the latter, or to confine its evidence thereto by its bill of particulars, and the defendant not having demurred to the declaration, nor objected to the bill of particulars, the defendant in error contends that the court did not err in respect to the matter complained of in the seventeenth ground of the motion for new trial, as the only question was the cost of repairs and replacements. It appears that the theory of plaintiff's case, as recognized on the trial, was to recover what the cost of repairs and replacements necessary to place the car in as good condition as it was before the accident would have amounted to. Plaintiff did not actually make such repairs or replacements nor have them made. The rule, applicable in many cases, that the measure of damage is the difference between the market value before and after the accident, would probably not have been applicable here, and the testimony in question not admissible, had it not been that there was testimony tending to show that the cost of necessary repairs and replacements, if made, would have equalled or exceeded the cash value of the property at the time of the collision. The plaintiff could not recover more than that. There was evidence tending to show that the value at the time of the collision was $495.00. Jungmeyer testified that he offered that much for it in a trade. Jungmeyer testified as to the estimated cost of the necessary repairs. He bought the car from plaintiff before repairs were made. Such being the case, the witness, Jungmeyer, in view of his previous testimony, should have been permitted, on cross examination, to answer the defendant's questions as

to what he paid or allowed the plaintiff for the automobile before it was repaired. This was legitimate cross-examination; if for no other reason, because it went to the reasonableness and credibility of his testimony as to what it would have cost to repair the automobile and make the necessary replacements.

For this error, our former judgment of affirmance is set aside, and the judgment of the court below reversed and the case remanded.

Reversed and remanded.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

ELLIS and BROWN, J. J., concur specially.

BROWN, J. (concurring specially).—I do not think the above question was presented in plaintiff in error's original brief, in the manner required by Rule 20, and therefore should not now be considered as ground for reversal. But I think the judgment below should be reversed for the reasons stated in the dissenting opinions heretofore submitted by Mr. Justice ELLIS and the writer.

ELLIS, J., concurs in the views expressed by Mr. Justice Brown.