## JAMES B. BAKER v. CONNOLLY CARTAGE CORPORATION AND ANOTHER.
## MIRIAM FRIEND, ADDITIONAL DEFENDANT.[1]

March 27, 1953.

No. 36,054.

*Robb, Robb & Van Eps,* for relators.

*Hvass, Weisman, Peterson & King* and *Carroll & Thorson,* for respondent.

PER CURIAM.

Alternative writ of mandamus to compel the municipal court of Minneapolis to proceed to trial in the above entitled case wherein relators, Connolly Cartage Corporation and Harvey Ferris, and respondent, Miriam Friend, are the defendants.

Plaintiff, James B. Baker, brought an action in the municipal court of Minneapolis to recover $350 in property damage to his automobile resulting from a collision between his parked car and a truck owned by defendant Connolly Cartage Corporation and driven by defendant Harvey Ferris. Defendants moved that Miriam Friend be brought in as an additional defendant alleging that

---

[1]Reported in 57 N. W. (2d) 657.

the collision with plaintiff's car was the direct result of a collision between the Connolly Cartage truck and a car owned and driven by Miriam Friend and was caused by the sole negligence of Miriam Friend. There was no appearance on the part of the plaintiff, and the court ordered Miriam Friend joined as an additional defendant. Subsequently, Miriam Friend brought an action in the district court for Hennepin county against Connolly Cartage Corporation to recover $35,500 damages for personal injuries and property damage resulting from the collision between the Connolly Cartage Corporation truck and her automobile.

After the municipal court action was set for trial, defendant Miriam Friend moved for a continuance thereof until after the trial of the district court action in April or May 1953. Defendants Connolly Cartgage Corporation and Harvey Ferris opposed the motion. No appearance was made for or on behalf of the plaintiff. No showing was made that the defendants who opposed the motion would be prejudiced if the continuance was granted. The court ordered a continuance until May 18, 1953, but in its order provided that, in the event the district court action was not tried or settled by that date, the municipal court action.should be tried forthwith.

The granting of a continuance is a matter lying in the discretion of the trial court. Kate v. Kate, 234 Minn. 402, 48 N. W. (2d) 551; 4 Dunnell, Dig. (3 ed.) § 1710, and cases cited in note 3; 12 Am. Jur., Continuances, § 5; 17 C. J. S., Continuances, § 5. Mandamus will not lie to control judicial discretion. M. S. A. 586.01; 4 Dunnell, Dig. & Supp. § 5753. However, relators contend that the action of the municipal court in granting the continuance was so arbitrary and capricious as to constitute a clear abuse of discretion. See, Zion Evangelical Lutheran Church v. City of Detroit Lakes, 221 Minn. 55, 21 N. W. (2d) 203.

Because of the municipal court's limited jurisdiction, Miriam Friend's action against Connolly Cartage Corporation necessarily was brought in the district court. The trial of the municipal court action was continued approximately three months so that the principal action between Miriam Friend and Connolly Cartage Cor-

poration could be tried in the district court first. The plaintiff in the municipal court action did not object to the continuance, and relators have made no showing that they are prejudiced thereby.

The burden was upon relators to show that the municipal court's order granting the continuance was so arbitrary and capricious as to constitute a clear abuse of discretion. This they have failed to do. Accordingly, the alternative writ of mandamus heretofore issued herein should be quashed.

So ordered.