184 So.2d 911 (1966)
MIKE BRADFORD & COMPANY, Inc., Appellant,
v.
GULF STATES STEEL COMPANY, Inc., et al., Appellees.
No. 65-432.
District Court of Appeal of Florida. Third District.
April 5, 1966.
*912 Miller & Russell, Miami, for appellant.
Ward & Ward, Miami, for appellees.
Before HENDRY, C.J., and PEARSON and BARKDULL, JJ.
PEARSON, Judge.
The appellant, Mike Bradford & Company, Inc., brought an action against the appellee, Gulf States Steel Company, Inc., for damages on an alleged breach of a written contract. The appellee answered and counterclaimed for damages under the same contract. The cause came on for trial about five and one-half months after the filing of the complaint. After the jury had been sworn, the appellee moved in open court for an order to stay the proceedings and compel arbitration. The motion was granted. This appeal raises the question of whether the appellee had, by answering, counterclaiming and proceeding to trial, waived the provision in the contract which required arbitration. We hold that a waiver was effected and reverse.
The appellant, Bradford, is a general contractor. The appellee, Gulf, is a steelerection company. They entered into a contract for the erection of an aircraft maintenance dock at the Homestead, Florida, Air Force Base. The contract provided that controversies arising out of the contract would be submitted to the American Arbitration Association. The contract specifically provided: "It is mutually agreed that the decision of the arbitrators appointed in accordance with said rules shall be a condition precedent to any right of legal action that either party may have against the other."
Bradford's complaint, filed on November 12, 1963, claimed damages for alleged delinquencies of Gulf in its completion of the contract. Gulf's answer denied the breaches alleged, and its counterclaim alleged breaches of the contract by Bradford. No demand for arbitration had been made by either party and none was included in any of the pleadings.
The cause came on for trial on April 28, 1964; the jurors were called, examined and sworn. The next day, when the taking of evidence was to begin, the appellee, Gulf, for the first time raised the question of arbitration. The record reveals that the motion was made four months after appellee's answer and two months after the cause had been set for trial.
The trial judge entered an order staying the proceeding and directing the parties to proceed with arbitration. The arbitration terminated adversely to the appellant Bradford and it has appealed the judgment entered thereon. The first point presented is that the court erred in compelling arbitration after the trial began. In essence, the appellant urges that the appellee, by its action, waived the provision requiring arbitration. The appellee urges that the prime question is not waiver, but whether or not Bradford had any right to maintain the action without complying with the condition precedent requiring arbitration. To accept the appellee's argument would require a holding that a provision requiring arbitration as a condition precedent to suit may not be waived.
We begin with the proposition that the parties to a contract may lawfully require arbitration before a resort to legal process, but they may not, by their contract totally exclude the courts from a consideration of their dispute under every circumstance which may possibly arise. The construction of the contract to arbitrate is for the courts, and it would be against public policy to hold that a contract could not, where necessary for the effective administration of justice, be submitted to the courts. This is not to say that a provision making a resort to arbitration a condition precedent to legal action is not valid. The provision is not an automatic exclusion of the courts, and the pertinent inquiry must be whether the provision is effective or ineffective under the conditions here set forth. See 6A Corbin on Contracts §§ 1435, 1443.
*913 The rule of general adherence seems to be that if a party to a contract, containing a provision for arbitration, even though expressed as a condition precedent, himself, commences suit, or takes other inconsistent action therewith, he will be held to have waived his rights to arbitration. 6 Williston, Contracts, § 1921A (Rev. ed. 1938). See also, Mayron's Bake Shops, Inc. v. Arrow Stores, Inc., 149 Conn. 149, 176 A.2d 574 (1961); Hill v. Mercury Record Corp., 26 Ill. App.2d 350, 168 N.E.2d 461 (1960); Anderson v Twin City Rapid Transit Co., 250 Minn. 167, 84 N.W.2d 593 (1957); Niazi v. St. Paul Mercury Insurance Co., 265 Minn. 222, 121 N.W.2d 349 (1963).
In Mayron's Bake Shops, Inc. v. Arrow Stores, Inc., 149 Conn. 149, 176 A.2d 574 (1961), a lease provided that any dispute between the landlord and tenant should be submitted to arbitration. There was a dispute about the payment of rent and the landlord served upon the tenant a notice to quit. Four week later, the landlord filed an action for summary process to remove the tenant. Three weeks later, the tenant filed an answer to said process, and on the day after filing the answer, moved to stay proceedings until arbitration was had. The tenant took no action during the entire seven weeks. The court held that the conduct of the tenant constituted a waiver of his right to arbitration, and that the denial of the motion for stay was proper.
Anderson v. Twin City Rapid Transit Company, 250 Minn. 167, 84 N.W.2d 593 (1957), involved a dispute between employers and employees as to discharge of certain employees. On appeal the defendants, employers, claimed a right to arbitration. This issue had not been raised until the case had been set for trial  approximately 16 months after the plaintiffs, employees, had instituted the action. The court held:
"* * * Whatever right to arbitrate existed, it was a right the choice of which rested on either party, and those provisions as far as effective were as binding on one party as the other. In fact, both parties had proceeded without wholly recognizing the conversion-board clause and disregarding the same for more than a year. The plaintiffs, whether bound by the clause or not, repudiated it by commencing this law suit and the defendants joined in the repudiation by answering to the merits without a demand for arbitration or a motion to stay the suit until arbitration could be had. Almost uniformly such conduct on the part of the parties constitutes an abandonment or waiver of the right to arbitration and a consent to the submission of the controversy to the courts. This rule has been established by an almost uniform line of decisions and this rule is not a new one in this jurisdiction." (84 N.W.2d at 602).
The Supreme Court of Minnesota has reiterated this holding in subsequent cases. See Rowan v. K.W. McKee, Inc., 262 Minn. 366, 114 N.W.2d 692 (1962); Cunningham v. Federal Cartridge Corp., 265 Minn. 534, 122 N.W.2d 208 (1963). And the court has recognized its applicability to disputes which do not involve employer-employee relationships. See Niazi v. St. Paul Mercury Insurance Co., 265 Minn. 222, 121 N.W.2d 349 (1963).
The Niazi case, supra, involved an order staying an insured's suit against his insurer pending arbitration under the policy provisions. The court held that a delay of two and one-half years between the day of an automobile accident and a pretrial conference, at which the stay order was issued, did not constitute abandonment of arbitration proceedings under the automobile policy, did not prejudice the insured, and did not constitute waiver or give rise to estoppel with respect to arbitration. It should be noted, however, that the insurer had demanded arbitration and had raised the arbitration issue in its answer. In applying the rule that lapse of time alone will *914 not constitute a waiver the court commented:
"* * * If the defendant had interposed an answer without pleading the arbitration provision, waiver could have been found under the rule of Independent School Dist., etc. v. A. Hedenberg & Co., Inc., 214 Minn. 82, 7 N.W.2d 511, which holds that arbitration is waived by answering to the merits without a demand for arbitration or a motion to stay the suit until arbitration was had." (121 N.W.2d at 355).
In Hill v. Mercury Record Corp., 26 Ill.App.2d 350, 168 N.E.2d 461 (1960), a suit was filed upon a contract which allegedly provided that the sole and exclusive remedy for a breach of contract by employees, employers, and booking agents was an adjudication of said grievances before a board. The complaint was filed on August 25, 1956; the defendant filed an answer on September 17, 1956. On October 16, 1958, the defendant moved the court to allow it to withdraw its answer and to dismiss the suit because the court had no jurisdiction of the subject matter inasmuch as the dispute had not been referred to the board. The Illinois court held that the provision was a compulsory arbitration agreement and that it was void. In reaching its decision, the court assumed that the provision for submission to the board was a condition precedent to legal action, but stated:
"* * * any conduct of the parties inconsistent with the provision or which might reasonably be construed as showing that they do not intend to avail themselves of such provision is a waiver and will prevent the party from setting it up as a defense. * * * It has been held that the bringing of a suit is a revocation of the agreement. * * * If the bringing of a suit by the plaintiff is a revocation of the agreement, then the joinder in the suit by filing a defense and delaying any action on their arbitration for a period of two years is a waiver on the party of the defendant if the provision was construed a condition precedent to resort to the courts. * * * The agreement to arbitrate was mutual and it was as much the duty of the defendant to properly insist on a submission to arbitration as it was of the plaintiff." (168 N.E.2d at 466).
The appellee relies upon Southern Home Ins. Co. v. Faulkner, 57 Fla. 194, 49 So. 542 (1909); and New Amsterdam Casualty Co. v. J.H. Blackshear, Inc., 116 Fla. 289, 156 So. 695 (1934). The Southern Home opinion reversed a judgment for damages on a fire insurance policy. The holding is that the arbitration provision of the policy was a condition precedent to a legal action, and that when the facts reveal the defendant Company made prompt demand for arbitration, but the policyholder declined such arbitration without any valid reason, a verdict for the insurer must be directed.
Although New Amsterdam Casualty Co. v. J.H. Blackshear, Inc., supra, was ultimately decided on other grounds, the original opinion also dealt with a situation where a holder of an insurance policy had refused a written demand for compliance with an arbitration requirement. The court pointed out that: "Appraisals, as provided for in such covenants, are conditions precedent to the right of the insured to maintain an action on the policy." The holding was that a tendered plea in abatement was insufficient. The basis for that holding was a stated rule that to entitle the insurer to the benefits of the appraisal clause it must appear that the clause has been invoked in good faith by the insurer.
These cases support the position of the appellee that compliance with the arbitration provision of the contract sued upon was a condition precedent to legal action by the appellant. However, they do not stand for his second proposition that compliance with the condition precedent may *915 not be waived on the record by failure to raise the issue and by proceeding to trial.
Having reached the conclusion that the requirement for arbitration in the present case was a condition precedent to legal action but that such a provision may be waived by a party under certain conditions, we must examine the ruling of the trial court in the present case to determine if error was committed by the order staying proceedings. The appellee urges that the ruling of the trial judge was a matter within the judicial discretion of the trial judge. It is true that rulings as to the conduct of trial proceedings are ordinarily within the discretion of the trial judge and that they will not be disturbed on appeal unless a palpable abuse of discretion appears. The reason for the rule is to assure a speedy and fair administration of justice. In the present instance, the order of the trial judge was more than a step in the trial procedure; it amounted to an erroneous determination of appellant's rights under the contract and to a denial of appellant's right to a trial after the cause was at issue and the jury impanelled. It seems to be in accord with good practice and the expeditious disposition of judicial business that we should follow the rule that agreements to arbitrate, even though expressed as conditions precedent to legal action, may be waived. We hold that such a waiver accrues where, as under the circumstances of this case, a party with full knowledge of its rights answers a complaint without raising the issue of arbitration, counterclaims upon the same contract, allows the cause to proceed for five and one-half months and allows a jury to be impanelled. Therefore, the judgment appealed must be reversed and the cause remanded with directions to proceed with the trial of the issues made by the pleadings.
Appellant has raised certain other points which are rendered moot by our holding.
Reversed and remanded.